IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0320-WJM-KLM

NEIL PETERSON, and
PENTATHERM LLC,

    Plaintiffs,

v.

JENNIFER PICKERING,

    Defendant.

## ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiffs Neil Peterson and Pentatherm LLC's (jointly, "Plaintiffs") Motion for Preliminary Injunction ("Motion"), filed on April 18, 2022. (ECF No. 30.) Defendant Jennifer Pickering responded to the Motion on April 26, 2022 (ECF No. 39), and Plaintiffs replied on May 3, 2022 (ECF No. 49).

Having now reviewed the parties' briefing, the Court concludes that an evidentiary hearing is not necessary to resolve the Motion. For the reasons set forth below, the Court denies the Motion.

## I. BACKGROUND[1]

Peterson is an experienced geothermal geologist; in December 2020, he founded Pentatherm LLC as a Colorado LLC that operates out of his residence in Highlands

---

[1] Although the parties have significant differences in their factual accounts of the events giving rise to this lawsuit, such disputes do not affect the outcome of the Motion. Accordingly, the Court accepts Plaintiffs' allegations as true for purposes of this Order. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Ranch, Colorado.  (ECF No. 30 at 3.)  Pursuant to his business plan for Pentatherm LLC, Peterson planned to leverage his experience as a geothermal geologist to identify and lease a specific site for a geothermal power generation facility and create intellectual property for successfully developing and operating geothermal power generation facilities.  (*Id.*)  Pentatherm LLC further planned to seek investors from around the United States to fund the development of a geothermal energy product that would sell electricity into Nevada's energy grid.  (*Id.*)

Peterson engaged Pickering to provide geologic analysis and business development services to Pentatherm LLC.  (*Id.* at 4.)  In March 2021, Pickering signed a Confidentiality, Non-Disclosure, Non-Compete Agreement with Pentatherm LLC in which she agreed, *inter alia*, to not circumvent or compete with Pentatherm LLC's "methods, designs, business plans or other proprietary information."  (*Id.*)

Plaintiffs allege that Peterson identified land available for lease in Nevada (the "Nevada Opportunity") that was suitable for developing a utility-scale geothermal power plant and/or direct use facilities.  (*Id.*)  According to Plaintiffs, the Nevada Opportunity was a Pentatherm LLC trade secret and was its most valuable asset, as "it was developed as a result of Pentatherm LLC's proprietary analysis, and thus its value as a site for a geothermal power generation project was not generally known or readily ascertainable by third parties."  (*Id.*)

Plaintiffs further allege that Pickering leased the Nevada parcels in her own name notwithstanding Peterson's directive that she lease the Nevada parcels solely for the benefit of Pentatherm LLC, has refused to assign the leases to Pentatherm LLC, and has used the leases to "try to exact ownership and control [over] the Nevada

2

Opportunity." (*Id.* at 5.)  According to Plaintiffs, (1) Pickering engaged a law firm that established Pentatherm Inc. as a corporation with three members (Peterson, Pickering, and engineer David George); (2) Pickering and George later attempted to expel Peterson from Pentatherm Inc.; and (3) Pickering, through counsel, has demanded that Peterson relinquish the Nevada Opportunity.  (*Id.*)

On February 4, 2022, Plaintiffs filed this lawsuit against Pickering, requesting a declaratory judgment and asserting claims for breach of contract, conversion, misappropriation of trade secrets under the Defend Trade Secrets Act and Colorado Uniform Trade Secrets Act, unjust enrichment, and breach of fiduciary duty.  (ECF No. 1.)

On April 18, 2022, Plaintiffs filed the Motion.  (ECF No. 30.)  Pickering responded on April 26, 2022 (ECF No. 39), and Plaintiffs replied on May 3, 2022 (ECF No. 49).

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal.  *See Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010).  A movant must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and (4) that the injunction would not adversely affect the public interest. *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

Moreover, the Tenth Circuit endorses a heightened standard for "[d]isfavored preliminary injunctions," which do not

> merely preserve the parties' relative positions pending trial. Instead, a disfavored injunction may exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief

3

> that the moving party could expect from a trial win.  To get a
> disfavored injunction, the moving party faces a heavier
> burden on the likelihood-of-success-on-the-merits and the
> balance-of-harms factors: []he must make a strong showing
> that these tilt in [his] favor.

*Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (citations and internal quotation marks omitted).

Because the Motion seeks an injunction that changes the status quo, Plaintiffs are seeking a disfavored injunction.  Therefore, Plaintiffs must meet the Tenth Circuit's heightened standard to obtain the relief they seek.  *See id.*

### III. ANALYSIS

Among the preliminary injunction elements, "a showing of probable irreparable harm is the single most important prerequisite."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks omitted).  "A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain."  *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001); *see also Salt Lake Tribune Publ'g Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003) ("Irreparable harm, as the name suggests, is harm that cannot be undone, such as by an award of compensatory damages or otherwise.").  Irreparable harm "must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).

Plaintiffs argue that "[i]f [Pickering] is allowed to move forward with the Nevada Opportunity by soliciting investments and developing the leasing parcels while this case is ongoing, it is unlikely that Plaintiffs will ever recover the full value of what they lost."

(ECF No. 30 at 13.)  They further argue that: an award of monetary damages will be insufficient to remedy harm from a misappropriation of a crucial business asset; monetary damages will be difficult to ascertain; and Pickering has already acknowledged that breach of the Agreement "will cause Pentatherm irreparable damage for which recovery of damages would be inadequate, and that Pentatherm shall therefore be entitled to obtain timely injunctive relief under this Agreement . . . ." (*Id.* at 13–14.)

In response, Pickering argues that Plaintiffs are unable to establish irreparable harm due to Plaintiffs' delay in seeking in seeking injunctive relief.  (ECF No. 39 at 12–13.)  She contends that she purchased the Nevada Leases over five months ago.  (*Id.* at 13 ("Plaintiffs cannot establish any irreparable harm and fail to even attempt to explain why they waited months after filing suit to seek a preliminary injunction if the harm was so imminent.").)  Moreover, she contends that any alleged harm can be satisfied by monetary damages.  (*Id.*)

It is well established that "the Court may not presume irreparable harm simply because this case involves a noncompete covenant, trade secrets, or the like." *DigitalGlobe, Inc. v. Paladino*, 269 F. Supp. 3d 1112, 1130 (D. Colo. 2017).  Even before *Diné Citizens*, the Tenth Circuit rejected any automatic presumption of irreparable harm in cases similar to this one:

> Despite the general acknowledgment that irreparable harm often arises from the breach of [an exclusivity] agreement, courts do not automatically, nor as a matter of course, reach this conclusion.  Rather, they examine whether the harms alleged by the party seeking the preliminary injunction are in fact irreparable, and sometimes conclude in the negative.

*Dominion Video*, 356 F.3d at 1263.

After careful consideration of the parties' arguments, the Court concludes that Plaintiffs have failed to meet their burden to establish irreparable harm. Although Plaintiffs have brought numerous legal theories against Pickering, the harm Plaintiffs allegedly face is essentially the same, namely, the possibility that Pickering will be wrongly permitted to develop the Nevada Opportunity at Plaintiffs' expense. *If* Plaintiffs succeed on the merits of their lawsuit, damages are indeed calculable: Pickering should pay to Plaintiffs what Plaintiffs would have earned on the Nevada Opportunity. Although Plaintiffs make a conclusory assertion that monetary damages may prove difficult to ascertain in this case (ECF No. 30 at 14), they critically fail to adequately explain how or why this case differs from other contractual and business disputes that can be resolved through monetary relief.[2] *See Fish v. Kobach*, 840 F.3d 710, 751 (10th Cir. 2016) (recognizing that party seeking injunction "must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages"); *Salt Lake Tribune Publ'g Co.*, 320 F.3d at 1105 ("Irreparable harm, as the name suggests, is harm that cannot be undone, such as by an award of compensatory damages or otherwise.").

Moreover, to the extent that Plaintiffs rely on the language of the Agreement to demonstrate irreparable harm, such contract language is insufficient to support a finding of irreparable harm. *See Dominion Video Satellite*, 356 F.3d at 1266 (recognizing that

---

[2] Plaintiffs represent that if Pickering is permitted to move forward with the Nevada Opportunity, then: (1) new investors will have claims on the project; and (2) the project will be developed without the benefit of Peterson's expertise as a geothermal geologist. (ECF No. 30 at 13.) However, these assertions do not detract from the fact that the Nevada Opportunity is a business arrangement that ultimately can be reduced to a monetary value. *See, e.g., Reconstruction Experts, Inc. v. Franks*, 2018 WL 1912295, at *5 (D. Colo. April 23, 2018) (recognizing the loss of a contract that has monetary value that can be calculated is not so speculative that injunctive relief is the only practical course).

6

contractual statements regarding the nature of the harm resulting from a breach of contract "alone are insufficient to support a finding of irreparable harm and an award of injunctive relief"); *Email on Acid, LLC v. 250ok, Inc.*, 2020 WL 364562, at *4 (D. Colo. Jan. 22, 2020) ("[P]arties to a contract cannot, by including certain language in [a] contract, create a right to injunctive relief where it would otherwise be inappropriate.").

Finally, the Court notes that Plaintiffs' delay in seeking injunctive relief weighs against a determination that they will suffer *imminent* harm unless the Court enters an injunction. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1211 (10th Cir. 2009) (recognizing that delay in seeking preliminary relief is one factor that cuts against finding irreparable injury).

For the foregoing reasons, the Court concludes that Plaintiffs have failed to demonstrate a sufficient likelihood of irreparable harm to warrant injunctive relief, and the Court need not examine the remaining elements of the preliminary injunction test. Accordingly, the Motion is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiffs' Motion for Preliminary Injunction (ECF No. 30) is DENIED.

Dated this 12th day of May, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge