IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**NEIL PETERSON** and
**PENTATHERM LLC**,

    *Plaintiffs*,

v.

**JENNIFER PICKERING**,

    *Defendant*.

Case No. 1:22-CV-00320-WJM-KLM

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO SERVE SUBPOENA BY ELECTRONIC SERVICE OR CERTIFIED MAIL**

Plaintiffs Neil Peterson and Pentatherm LLC, through their undersigned attorneys, hereby respectfully submit this Reply Memorandum of Law in Support of their Motion for Leave to Serve a Subpoena by Electronic Service or Certified Mail on Lloyd and Mousilli (the "Motion").

**ARGUMENT**

**I.  DEFENDANT MISCONSTRUES THE EVENTS PRECEDING THIS MOTION AND IGNORES HER AND HER COUNSEL'S REFUSAL TO COOPERATE.**

In her opposition, Defendant contends that Plaintiffs' motion should be denied because Plaintiffs have been trying to serve Lloyd & Mousilli at the wrong address and should serve the firm's registered agent for service. This ignores Plaintiffs' efforts to effect service as shown in Plaintiffs' motion. First, the address listed by Lloyd & Mousilli on its website is not for an office, but a mailbox inside a store that rents post boxes. When Plaintiffs learned this fact from their process server, the undersigned called Lloyd & Mousilli to request an address where the subpoena could be delivered to a person on behalf of the firm. No response was provided to this question.

At the same time, notice of the subpoena was provided by electronic mail to defense counsel, themselves members of Lloyd & Mousilli. Receiving no cooperation from defense counsel or Lloyd & Mousilli, Plaintiffs located an in-person address using public records where Plaintiffs believed Lloyd & Mousilli could be served. Thus, attempts were made to serve Lloyd & Mousilli at the address defense counsel now says is incorrect. Again, Plaintiffs attempted to engage defense counsel in a dialogue to resolve the service issue and received no response. Further, before making the instant motion, Plaintiffs, in an abundance of caution, made efforts at personal service before seeking leave to serve Lloyd & Mousilli by alternative means. Defendant fails to address how Plaintiffs could effect personal service on the firm when Lloyd & Mousilli will not provide a legitimate address where a subpoena could be delivered, either in the firm's promotional materials or in response to a specific request from Plaintiffs. Indeed, the instant motion is a product of Defendant and her counsel's lack of cooperation and refusal to answer simple questions such as, "Where can Lloyd & Mousilli receive personal service?" or "Will Lloyd & Mousilli consent to electronic service?"

Defense counsel suggests that Plaintiffs serve Lloyd & Mousilli's registered agent in person. This suggestion is absurd when the firm is counsel in this case, and they are in actual possession of the subpoena (if one is even required in this situation). Further, Defendant's suggestion offers no actual solution because the address for the registered agent is a post box in the same shipping store as the address for Lloyd & Mousilli, *i.e.*, where delivery to a clerk or a mailbox is subject to challenge as ineffective service. Tellingly, defense counsel has not stated that Lloyd & Mousilli will not challenge the validity of service made at the registered agent post box, and Defendant's contentious approach to discovery renders it unreasonable for Plaintiffs to assume that no challenge would be forthcoming if Plaintiffs follow this suggestion. In other words, defense

2

counsel asks the Court to deny Plaintiffs' motion based on a proposal that invites further dispute and additional delay, and that will require more intervention from the Court. The facts here warrant alternative service.

## II.     THE COURT SHOULD DISREGARD DEFENDANT'S INAPPROPRIATE OBJECTIONS

Defendant further responded to the alternative service motion with premature objections based on a faulty claim of privilege, along with premature objections based on scope and alleged burden or redundancy of the subpoena. The objections do not go to the propriety of alternative service and should only be heard after Lloyd & Mousilli follows the Court's procedures for a written discovery dispute, which it has not done.

In addition, there is no substantive basis for these objections. Of course, the Court should not take up substantive merits issues in deciding a straightforward motion for alternative service. Nonetheless, Defendant asserted the objections, compelling Plaintiffs to at least make an offer of proof that service is a step along the path to justice and not a walk down to the fishing hole.

As to the premature claim of privilege, Plaintiffs explicitly do not seek attorney-client privilege or work product documents from the Texas Action or the Colorado Action.[1] Setting that aside, Plaintiffs will show, at the appropriate time, that Lloyd & Mousilli has exclusive custody of responsive, non-privileged documents central to a fair resolution of this case. Lloyd & Mousilli formed a business advisory relationship and an attorney-client relationship with Pentatherm LLC, where Peterson was the sole member, regarding intellectual property, proposals for allocation of

---

[1] Subpoena Instruction No. 11 states: "Pentatherm LLC requests all responsive documents from its file at Lloyd & Mousilli. In addition, Peterson, as the sole member of Pentatherm LLC, Neil Peterson also requests all responsive documents from Pentatherm LLC's file at Lloyd & Mousilli. To the extent that any requested documents do not fall within the foregoing, Plaintiffs do not seek attorney-client privilege or work product documents from the Texas Action or the Colorado Action, but do seek all responsive documents that relate to business advice, that fall within an exception to privilege, or over which there is no properly supported claim of privilege."

ownership and voting rights, business entity structure, and other key matters. Pentatherm LLC and Peterson should be entitled to their client file. Plaintiffs are also prepared to show that members of Lloyd & Mousilli are potential witnesses in this matter, including, for example, their role at meetings from which Peterson was excluded where the attendees conspired to purloin Peterson and Pentatherm LLC of their trade secrets using business and legal documents drafted by Lloyd & Mousilli personnel.

Finally, Defendant's claim of redundancy is incorrect because Lloyd & Mousilli has documents not held by others. Lloyd & Mousilli is also likely to have business advisory documents for any ongoing business advice to Defendant, George, and Pentatherm Inc, including documents relevant and necessary to show ongoing misappropriation and wrongful use of Plaintiffs' trade secrets, and also relevant and necessary for presentation of damages for misappropriation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, having shown good cause, respectfully request the Court GRANT this Motion for Leave to Serve the Subpoena on the Firm by Electronic Service or Certified Mail.

| | |
|---|---|
| Dated: July 19, 2022 | Respectfully submitted, |
| | /s/ Joshua J. Lax |
| | Joshua J. Lax |
| | Greg G. Gutzler |
| | **DiCELLO LEVITT GUTZLER LLC** |
| | Grand Central Place |
| | 60 East 42nd Street, Suite 2400 |
| | New York, NY 10165 |
| | Tel: 646-933-1000 |
| | Fax: 646-494-9648 |
| | jlax@dicellolevitt.com |
| | ggutzler@dicellolevitt.com |

4

Mark Hamill
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: 312-214-7900
Fax: 312-253-1443
mhamill@dicellolevitt.com

**SPENCER FANE LLP**
Jacob F. Hollars
1700 Lincoln St., Suite 2000
Denver, CO 80203
Tel: 303-839-3800
Fax: 303-839-3838
jhollars@spencerfane.com

*Counsel for Plaintiffs Neil Peterson and Pentatherm LLC*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **July 19, 2022**, *via electronic filing system* on the following:

***ATTORNEY FOR DEFENDANT JENNIFER PICKERING***:

**LLOYD & MOUSILLI, PLLC**
Lema Barazi
11807 Westheimer Road, Ste 550 PMB 944
Houston, TX 77077
Tel: (512) 609-0059
Fax: (413) 473-6164
lema@lloydmousilli.com
litigation@lloydmousilli.com

                              */s/* Joshua J. Lax
                              Joshua J. Lax