IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| NEIL PETERSON and § <br> PENTATHERM LLC, § <br> *Plaintiffs* § <br> § <br> v. § <br> § <br> JENNIFER PICKERING, § <br> *Defendant* § | § <br> § <br> § <br> **CIVIL CASE NO.** <br> **1:22-cv-00320-WJM-KLM** <br> § <br> **JURY DEMANDED** <br> § <br> § |

**DEFENDANT JENNIFER PICKERING'S MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL**

**TO THE HONORABLE COURT:**

COMES NOW DEFENDANT JENNIFER PICKERING, ("**Mrs. Pickering**" or "**Defendant**"), in the above-styled matter and files this *Defendant Jennifer Pickering's Motion for Sanctions Against Plaintiffs and Their Counsel* ("**Motion**"). In support thereof, Defendant respectfully shows the Court the following:

### I.   FACTUAL AND PROCEDURAL BACKGROUND

1.  Plaintiffs Neil Peterson ("**Mr. Peterson**") and Pentatherm LLC (collectively, "**Plaintiffs**") filed this baseless action against Defendant on February 4, 2022, alleging multiple causes of action against Defendant in retaliation for Pentatherm Inc's lawsuit against Mr. Peterson for breach of his fiduciary duties to the corporation. All of Plaintiffs' causes of action stem from Mr. Peterson's unhappiness that Defendant and her business partner David George ("**Mr. George**") determined they could no longer do business with Mr. Peterson due to his numerous breaches of his fiduciary duties to Pentatherm Inc, including frustration of its business.

2. Pursuant to the Court's original Scheduling Order of April 19, 2022, the discovery cut-off was set for October 31, 2022, and all requests for production of documents were to be served 45 days before the discovery cut-off. *See* Dkt. 33 at Pgs. 7-8. The parties filed a joint motion to amend the scheduling order and extend the discovery cut-off to November 3, 2022, for the sole purpose of deposing Defendant, which the Court granted on October 25, 2022. *See* Dkt. 67 and Dkt. 70. No other changes were made to the Scheduling Order. *See* Dkt. 70.

3. Due to issues with Plaintiffs' document production, which required a reproduction of a massive amount of documents as well as a supplemental production of additional documents, it became necessary for Defendant to postpone the deposition of Mr. Peterson as well in order to have time to review the recently produced documents. Accordingly, the parties filed a second Joint Motion to Amend the Scheduling Order and extend the discovery cut-off to December 31, 2022, for the sole purpose of taking the depositions of Mr. Peterson, Mrs. Pickering, and Mr. George. *See* Dkt. 71. The court granted the motion on November 7, 2022, and extended the discovery cut-off to December 31, 2022, again for the sole purpose of taking the depositions referenced in the Motion, as well as extending the dispositive motion deadline to February 15, 2023. *See* Dkt. 74. No other changes were made to the Scheduling Order. *Id.*

4. While the Court amended the Scheduling Order twice at the mutual request of the parties, it was for the sole purpose of taking a limited and expressed number of depositions only, there was never a general extension of the discovery cut-off allowing the service of additional requests for production or additional subpoenas for documents. The parties never agreed to an extension of the timeline for written discovery. Therefore, the cut-off for written discovery always remained on October 31, 2022.

5.  Yet, nearly two months later, in late December 2022, Plaintiffs began trying to serve an additional subpoena for the production of documents, first upon Defendant's counsel as an attachment to an unrelated email, and then later upon Mr. George via personal service, despite having already served him with a prior subpoena for production of documents, which he fully complied with, as well as previously deposing Mr. George.[1] The undersigned counsel, Lema Barazi (**"Mrs. Barazi"**), as counsel for both Mr. George and Defendant wrote to Plaintiffs' counsel to demand that this harassment of Mr. George cease immediately as the discovery cut-off had passed long ago, but Plaintiffs' counsel refused to respond and continued to have their process servers stalk and harass Mr. George, thereby necessitating this Motion for Sanctions against Plaintiffs and their counsel.[2]

## II.  ARGUMENT AND AUTHORITIES

6.  Federal district courts have broad authority to sanction misconduct of parties and attorneys in litigation under both 28 U.S.C. § 1927 and their "inherent power" to sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42, (1991); *Accord Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 857 (10th Cir. 2018).

7.  Under 28 U.S.C. § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 focuses on whether an attorney's conduct "imposes unreasonable and unwarranted burdens on the court and opposing parties." *O'Rourke v. Dominion Voting Sys., Inc.*, No. 21-

---

[1] *See* Exhibit "A," Email from John Frawley to Lema Barazi dated December 20, 2022 with attachments.
[2] *See* Exhibit "B," Emails from Lema Barazi to Plaintiffs' counsel dated December 29, 2022 and January 2, 2022.

3

1442, 2022 WL 17588344, at *4 (10th Cir. Dec. 13, 2022) (*citing Braley v. Campbell,* 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc)). "An attorney becomes subject to § 1927 sanctions by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law." *Id.*

8. It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers*, 501 U.S. at 44. (citations omitted). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. Outright dismissal of a lawsuit, which the Supreme Court has previously upheld, is a particularly severe sanction, yet is within the court's discretion. *Id.* at 45. Consequently, "the 'less severe sanction' of an assessment of attorney's fees is undoubtedly within a court's inherent power as well." *Id.*

9. Indeed, "[t]here are ample grounds for recognizing ... that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel." *Id* (citations omitted). One such circumstance in which a district court may assess attorney's fees as a sanction is for the "willful disobedience of a court order." *Id.* A second category of sanctionable conduct is when a party or their counsel "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," including "delaying or disrupting the litigation," which also warrants the imposition of attorney's fees against such a party or their counsel. *Id.* at 45-46.

10. Here, sanctions are warranted against each of the Plaintiffs, as well as against each of their attorneys, under the court's inherent power to sanction bad faith and for the attorneys under 28 U.S.C. § 1927 as well. Plaintiffs and their counsel were fully aware that by the plain text of

this Court's Scheduling Order as well as its two Minute Orders amending the Scheduling Order that the discovery cut-off was October 31, 2022, and that it was only amended for the limited purpose of taking certain depositions. *See* Dkts. 33, 70 and 74. Yet, Plaintiffs and their counsel violated the Court's orders by sending additional subpoenas after the discovery cut-off and refusing to stop personal service of said subpoena upon Mr. George after they were warned by Mrs. Barazi. *See* Ex. B. This conduct of Plaintiffs and their counsel was done in bad faith and for the express purpose of burdening and harassing Defendant and Mr. George, delaying the resolution of this litigation, and causing Defendant and Mr. George to incur unnecessary attorney's fees to put a stop to this behavior.

11.     Moreover, on or about December 31, 2022, a process server taped a threatening note to the door of Mr. George's residence, stating that Mr. George was required to call him within 24 hours to avoid affirming an "intention to avoid delivery of process."[3] This is of course wholly improper and was done at the request of Plaintiffs' counsel with the specific intent of causing Mr. George severe emotional distress. This kind of harassment from members of the bar should not be tolerated by this Court. As Plaintiffs' counsel have utterly refused to respond to requests to meet and confer with them about these issues or to stop their misconduct, Defendant requests that this Court impose sanctions against Plaintiffs and each of their counsel, individually, in the amount of attorney's fees necessitated in addressing this misconduct with Plaintiffs' counsel and the Court via the instant Motion. Plaintiffs have a myriad of attorneys involved in this case, including: Jacob F. Hollars of Spencer Fane LLP, Mark Hamill, Greg G. Gutzler, Joshua Lax,

---

[3] *See* Exhibit "C," Note taped to the door of Mr. George's residence on or about December 31, 2022.

and John Frawley of Dicello, Levitt, Gutzler LLP. Defendants believes that each of them was involved in the sanctionable conduct.

### III.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Court grant her Motion for Sanctions and order Plaintiffs and each of their attorneys to pay Defendant's reasonable and necessary attorneys' fees. Defendant further prays for such other and further relief, both general or special, at law or in equity, to which she may show herself to be justly entitled.

Dated: January 5, 2023                                  Respectfully Submitted,

By: /s/ *Lema Barazi*
LEMA BARAZI
Attorney-in-charge
Bar No. TX24056016
lema@lloydmousilli.com
**LLOYD & MOUSILLI, PLLC**
11807 Westheimer Road
Suite 550 PMB 944
Houston, Texas 77077
Tel: (512) 609-0059
Fax: (413) 473-6164
Service: litigation@lloydmousilli.com

**ATTORNEYS FOR DEFENDANT
JENNIFER PICKERING**

## CERTIFICATE OF CONFERENCE

Pursuant to Revised Practice Standards III.D.1., I hereby certify that on December 29, 2022, and January 2, 2023, I, counsel for the moving party, attempted to meet and confer with John Frawley, Plaintiffs' counsel, in a good faith effort to resolve the issues raised by this motion. The parties were unable to resolve the issues raised in this motion because Plaintiffs did not respond to our request to meet and confer as shown in Exhibit B.

*/s/ Lema Barazi*
Lema Barazi

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **January 5, 2023,** *via electronic filing system* on the following:

*Attorneys for Plaintiffs Neil Peterson and Pentatherm LLC:*

**SPENCER FANE LLP**
Jacob F. Hollars, #50352
1700 Lincoln St., Suite 2000
Denver, CO 80203
Phone: 303-839-3800
Fax: 303-839-3838
jhollars@spencerfane.com

**DICELLO LEVITT GUTZLER LLC**
Mark Hamill
mhamill@dicellolevitt.com
Greg G. Gutzler
ggutzler@dicellolevitt.com
Joshua Lax
jlax@dicellolevitt.com
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel: (646) 933-1000
Fax: (646) 494-9648

               */s/ Lema Barazi*
               Lema Barazi