# Exhibit 15

| | |
|---|---|
| **From:** | Lema Barazi |
| **To:** | Joshua J. Lax; Greg Gutzler; Rachel Crockett |
| **Cc:** | Litigation; Mark Hamill; Marlene Campbell |
| **Subject:** | Re: Pentatherm LLC v. Pickering |
| **Date:** | Thursday, October 6, 2022 6:03:02 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | image003.jpg |

Josh,

Your feigned surprise/confusion is not compelling.

We represented David George for the limited purpose of responding to your harassing subpoena. We made that clear to you previously.

Simply because Feras Mousilli is a named partner of this firm does not give you the ability to bypass the rules with your fabricated reasons for deposing him and your continued campaign of harassment.

**Lema Barazi**, Litigation Partner
Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 713.306.4650
www.lloydmousilli.com

**From:** "Joshua J. Lax" <jlax@dicellolevitt.com>
**Date:** Thursday, October 6, 2022 at 5:44 PM
**To:** Lema Barazi <lema@lloydmousilli.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Rachel Crockett <rachel@lloydmousilli.com>
**Cc:** Litigation <litigation@lloydmousilli.com>, Mark Hamill <mhamill@dicellolevitt.com>, Marlene Campbell <marlene@lloydmousilli.com>
**Subject:** Re: Pentatherm LLC v. Pickering

Lema,

I am not sure what you mean? We were under the impression that you represent Mr. George since you responded to the subpoena on his behalf, and Mr. Mousilli is a named partner at your firm. As I said, the District Cout found events to which they are apart to be relevant to the claims. Plaintiffs thought it would be more productive to cooperate on dates, especially after we received pushed back for picking a specific date for Defendant's deposition. If you are saying we should go ahead and serve the subpoenas, we can do that, but it's counterproductive when your office represents at least one of these witnesses, and we are unilaterally picking dates. Please reconsider and let us know some dates that work.

Thanks,

Josh

**From:** Lema Barazi <lema@lloydmousilli.com>
**Sent:** Thursday, October 6, 2022 6:21:01 PM
**To:** Joshua J. Lax <jlax@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Rachel Crockett <rachel@lloydmousilli.com>
**Cc:** Litigation <litigation@lloydmousilli.com>; Mark Hamill <mhamill@dicellolevitt.com>; Marlene Campbell <marlene@lloydmousilli.com>
**Subject:** Re: Pentatherm LLC v. Pickering

Josh, I don't have time to school you on depositions. Go consult your superiors—or better yet, a rule

book.

Then, do not write us ever again regarding their availability for a deposition.

**Lema Barazi**, Litigation Partner
Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 713.306.4650
www.lloydmousilli.com

**From:** "Joshua J. Lax" <jlax@dicellolevitt.com>

**Date:** Thursday, October 6, 2022 at 5:16 PM

**To:** Lema Barazi <lema@lloydmousilli.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Rachel Crockett <rachel@lloydmousilli.com>

**Cc:** Litigation <litigation@lloydmousilli.com>, Mark Hamill <mhamill@dicellolevitt.com>, Marlene Campbell <marlene@lloydmousilli.com>

**Subject:** Re: Pentatherm LLC v. Pickering

There are no games. They are both witnesses. In fact, the District Court found the whole chain of events involving these two witnesses to be relevant to the claims in this case.

Get Outlook for iOS

**From:** Lema Barazi <lema@lloydmousilli.com>
**Sent:** Thursday, October 6, 2022 6:12:45 PM
**To:** Joshua J. Lax <jlax@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Rachel Crockett <rachel@lloydmousilli.com>
**Cc:** Litigation <litigation@lloydmousilli.com>; Mark Hamill <mhamill@dicellolevitt.com>; Marlene Campbell <marlene@lloydmousilli.com>
**Subject:** Re: Pentatherm LLC v. Pickering

STOP WITH THESE STUPID GAMES, JOSH.

I don't have time for you or this ridiculous gamesmanship.

**Lema Barazi**, Litigation Partner
Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 713.306.4650
www.lloydmousilli.com

**From:** "Joshua J. Lax" <jlax@dicellolevitt.com>

**Date:** Thursday, October 6, 2022 at 5:11 PM

**To:** Lema Barazi <lema@lloydmousilli.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Rachel Crockett <rachel@lloydmousilli.com>

**Cc:** Litigation <litigation@lloydmousilli.com>, Mark Hamill <mhamill@dicellolevitt.com>, Marlene Campbell <marlene@lloydmousilli.com>

**Subject:** Re: Pentatherm LLC v. Pickering

We intend to depose them.

Get Outlook for iOS

**From:** Lema Barazi <lema@lloydmousilli.com>
**Sent:** Thursday, October 6, 2022 6:06:10 PM
**To:** Joshua J. Lax <jlax@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Rachel Crockett <rachel@lloydmousilli.com>
**Cc:** Litigation <litigation@lloydmousilli.com>; Mark Hamill <mhamill@dicellolevitt.com>; Marlene

Campbell <marlene@lloydmousilli.com>

**Subject:** Re: Pentatherm LLC v. Pickering

Why are you asking us about David George? Am I missing something here? And Feras Mousilli??

**Lema Barazi**, Litigation Partner
Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 713.306.4650
www.lloydmousilli.com

**From:** "Joshua J. Lax" <jlax@dicellolevitt.com>
**Date:** Thursday, October 6, 2022 at 4:58 PM
**To:** Greg Gutzler <ggutzler@dicellolevitt.com>, Rachel Crockett <rachel@lloydmousilli.com>, Lema Barazi <lema@lloydmousilli.com>
**Cc:** Litigation <litigation@lloydmousilli.com>, Mark Hamill <mhamill@dicellolevitt.com>, Marlene Campbell <marlene@lloydmousilli.com>
**Subject:** Re: Pentatherm LLC v. Pickering

We will discuss internally and get back to you. What about dates for Feras Mousilli and Favid George?

Get Outlook for iOS

**From:** Greg Gutzler <ggutzler@dicellolevitt.com>
**Sent:** Thursday, October 6, 2022 5:25:58 PM
**To:** Rachel Crockett <rachel@lloydmousilli.com>; Lema Barazi <lema@lloydmousilli.com>
**Cc:** Joshua J. Lax <jlax@dicellolevitt.com>; Litigation <litigation@lloydmousilli.com>; Mark Hamill <mhamill@dicellolevitt.com>; Marlene Campbell <marlene@lloydmousilli.com>
**Subject:** RE: Pentatherm LLC v. Pickering

When will you be sending your privilege log?



Greg G. Gutzler

**DICELLO LEVITT**

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

**From:** Rachel Crockett <rachel@lloydmousilli.com>
**Sent:** Thursday, October 6, 2022 5:24 PM
**To:** Lema Barazi <lema@lloydmousilli.com>
**Cc:** Greg Gutzler <ggutzler@dicellolevitt.com>; Joshua J. Lax <jlax@dicellolevitt.com>; Litigation <litigation@lloydmousilli.com>; Mark Hamill <mhamill@dicellolevitt.com>; Marlene Campbell <marlene@lloydmousilli.com>
**Subject:** Re: Pentatherm LLC v. Pickering

Josh,

Our client is available on October 27, 2022 for her deposition. She is not available on October 14 and neither are we. Let us know if this date works for your office.

Thank you,

On Tue, Oct 4, 2022 at 5:30 PM Lema Barazi <lema@lloydmousilli.com> wrote:

> Josh,

We need to confer with our client regarding what days she is available for deposition. We object to you unilaterally picking a date.

Please refrain from this kind of unprofessionalism and exercise the same courtesy we extended to you.

Thank you.

**Lema Barazi**, Litigation Partner
Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 713.306.4650
[www.lloydmousilli.com](http://www.lloydmousilli.com)

---

**From:** "Joshua J. Lax" <[jlax@dicellolevitt.com](mailto:jlax@dicellolevitt.com)>
**Date:** Tuesday, October 4, 2022 at 4:23 PM
**To:** Rachel Crockett <[rachel@lloydmousilli.com](mailto:rachel@lloydmousilli.com)>
**Cc:** Greg Gutzler <[ggutzler@dicellolevitt.com](mailto:ggutzler@dicellolevitt.com)>, Lema Barazi <[lema@lloydmousilli.com](mailto:lema@lloydmousilli.com)>, Litigation <[litigation@lloydmousilli.com](mailto:litigation@lloydmousilli.com)>, Mark Hamill <[mhamill@dicellolevitt.com](mailto:mhamill@dicellolevitt.com)>, Marlene Campbell <[marlene@lloydmousilli.com](mailto:marlene@lloydmousilli.com)>
**Subject:** Re: Pentatherm LLC v. Pickering

Good afternoon Rachel,

We will take Ms. Pickering's deposition on October 14, 2022. We will not be waiting until a motion to compel is resolved, though we reserve all rights to further questioning when we receive more documents. To that end, the District Court's decision from yesterday echoes what I have been saying which is that this case is about much more than ownership of the leases.

Best,
Josh

---

**From:** Rachel Crockett <[rachel@lloydmousilli.com](mailto:rachel@lloydmousilli.com)>
**Sent:** Tuesday, October 4, 2022 3:26:38 PM
**To:** Joshua J. Lax <[jlax@dicellolevitt.com](mailto:jlax@dicellolevitt.com)>
**Cc:** Greg Gutzler <[ggutzler@dicellolevitt.com](mailto:ggutzler@dicellolevitt.com)>; Lema Barazi <[lema@lloydmousilli.com](mailto:lema@lloydmousilli.com)>; Litigation <[litigation@lloydmousilli.com](mailto:litigation@lloydmousilli.com)>; Mark Hamill <[mhamill@dicellolevitt.com](mailto:mhamill@dicellolevitt.com)>; Marlene Campbell <[marlene@lloydmousilli.com](mailto:marlene@lloydmousilli.com)>
**Subject:** Re: Pentatherm LLC v. Pickering

Good afternoon Josh,

We will take Mr. Peterson's deposition on October 20, 2022. We will send out a deposition notice. We will produce Defendant's privilege log by October 13, 2022.

What week(s) are your looking at for the deposition of Mrs. Pickering? Are you no longer waiting for a potential Motion to Compel to be resolved?

Thank you,

On Tue, Oct 4, 2022 at 12:39 PM Joshua J. Lax <[jlax@dicellolevitt.com](mailto:jlax@dicellolevitt.com)> wrote:

> Good afternoon,
>
> I am following up for deposition dates for Defendant Pickering, David George, and Feras Mousilli. In addition, we still need Defendant's privilege log.
>
> Thanks,

Josh



Joshua J. Lax
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Joshua J. Lax
**Sent:** Friday, September 30, 2022 5:38 PM
**To:** Rachel Crockett <rachel@lloydmousilli.com>
**Cc:** Greg Gutzler <ggutzler@dicellolevitt.com>; Lema Barazi <lema@lloydmousilli.com>; Litigation <litigation@lloydmousilli.com>; Mark Hamill <mhamill@dicellolevitt.com>; Marlene Campbell <marlene@lloydmousilli.com>
**Subject:** RE: Pentatherm LLC v. Pickering

Good afternoon,

We propose October 18, 19, or 20 for Mr. Peterson's deposition.

We will produce responsive text messages by October 7, 2022.

We need deposition dates for defendant, David George and Feras Mousilli.

Defendant's privilege log is more than a month late. Please produce it immediately or provide a date certain in the near future when it will be produced.

Regarding the fee documentation, please point us to the RFP that encompasses those documents.

Privilege authority: *Gottlieb v. Wiles,* 143 F.R.D. 241 (D. Colo. 1992); *In re Diasonics Sec. Litig.*, 110 F.R.D. 570 (D. Colo. 1986).

Best,

Joshua Lax



Joshua J. Lax
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Rachel Crockett <rachel@lloydmousilli.com>
**Sent:** Friday, September 30, 2022 8:12 AM
**To:** Joshua J. Lax <jlax@dicellolevitt.com>
**Cc:** Greg Gutzler <ggutzler@dicellolevitt.com>; Lema Barazi

<lema@lloydmousilli.com>; Litigation <litigation@lloydmousilli.com>; Mark Hamill <mhamill@dicellolevitt.com>; Marlene Campbell <marlene@lloydmousilli.com>
**Subject:** Re: Pentatherm LLC v. Pickering

Josh,

Then tenor and tone of your email saddens me. Your offer of a "reset" seems disingenuous when your email is rife with accusations about professional misconduct and lack of good faith. I have always conducted myself professionally both in written correspondence and in our videoconference. I found our first videoconference to be productive. In the second one, your tenor and tone had changed significantly and it seemed as though you were only interested in preparing an oral record of what your arguments at a hearing on a motion to compel would be and not in any significant negotiation or compromise with counsel about the outstanding discovery matters in this case. Perhaps because you think the parties are at an impasse and we ultimately will have to file respective motions to compel in this case, which sometimes happens and does not mean that anyone necessarily acted in an unprofessional or unethical manner as your defamatory email suggests. I do not take allegations about my professional conduct lightly and they are unnecessary and unacceptable. This is exactly the kind of behavior the Magistrate Judge warned counsel in this case against.

My email was short and to the point, as was your prior email, because I do not want to get dragged into these kinds of unprofessional and unproductive back and forth between counsel as seems to happen with Plaintiffs' counsel in this case. We have already met and conferred for over an hour collectively on these issues to no avail. The attorney's fees documentation issue is admittedly new, so I will agree to a 15 minute videoconference limited to that issue only. You will need to refrain from allegations of professional misconduct though and attempt to keep things civilized. I do not think a third videoconference on these other issues will be productive unless you have any new information that will change the parties' positions on the remaining discovery issues, which I have not seen in your correspondence.

I also wholly disagree with your numerous misrepresentations of our videoconference, but the video will speak for itself. I did not say my firm sees this as a "low value" case. I said that the expense of engaging a document review team to utilize a document review software platform did not seem proportionate to the value paid for the parcels of land at issue for the purposes of evaluating the burden on Plaintiffs of our request for native files. We are willing to take that issue to Court and if denied, we will of course spend all expenses and time necessary to protect our client's interests. We fulfill all of our ethical obligations on this case and every case.

Your representations of our conversation regarding attorney-client privileged matters is also false. You said you were going to email me 10th Circuit authority which allegedly contradicts our position, which I understand to be the position of every federal circuit in the United States and you have not done so. If you do, I will of course take a thorough look at it.

While I also disagree with your representations about the deposition of Mr. Peterson, that is not at issue in this case.

You are refusing to produce the native files despite our videoconference on this issue so

that issue should be ripe for review by the Court.

With respect to the text messages, my issue is we are once again faced with the wishy-washy "we will work on it" for some unknown length of time despite having requested it a week ago and having a videoconference on this issue. Once again the Magistrate Judge chastised Plaintiffs' counsel for this behavior before. If you can provide me by close of business with a date certain that is in the near future by which you can produce these text messages, then I will of course hold off on filing any motion to compel on this issue. We are not trying to be unreasonable, but we need a real date we can rely on as the discovery deadline is fast approaching .

Likewise, we have been waiting a week for deposition dates for Mr. Peterson and it is not because you need more time to consult with your client about his schedule, but because you do not feel you should have to give them because you have alleged document production issues. Lema has now sent a second email requesting dates for Mr. Peterson. Unless you can articulate a different reason why you need more time for deposition dates other than what has been repeatedly stated and is baseless and exactly how much longer you need to get us those dates by close of business today, then we will have no choice but to proceed with Court intervention.

You also have misrepresented some alleged representation about our client's intentions regarding the leases. What I told you was that this is not a deposition, I am not her, I cannot speak to what some future intentions of my client may be a year, or two, or three down the road, and that if you would like to take a deposition in this case you should notice one, which is presumably what prompted you to request dates for for some unknown time frame in the future.

The videoconference was supposed to be about document production, not future intentions of parties and non-parties to this case, and I told you we had no relevant documents to produce other than the assignment that we already produced.

I certainly never implied the leases were not valuable to my client, or we of course would not be litigating these issues.

If your settlement offer is a deliverance of the leases to Pentatherm LLC, it is rejected. We also deny possession of any alleged "trade secrets" of Pentatherm LLC to be returned.

Your client has no valid claim to the leases.

Sincerely,

On Thu, Sep 29, 2022 at 4:09 PM Joshua J. Lax <jlax@dicellolevitt.com> wrote:

> Hi Rachel,
> It is incumbent upon us as litigation counsel to conduct ourselves professionally and act with candor and good faith. We continue to be shocked by the tenor and content of your communications, as well as the unreasonable, one-sided demands, and deliberate misrepresentation of the facts. We continue to offer a reset of the relationship so that we can have reasonable discussions about this commercial matter.
> Based on your conduct, particularly the email below, which is oddly contentious and disingenuous, we believe a videotaped meet and confer on video on all of these issues

is necessary. For that reason, I will only briefly mention a few topics and reserve the remainder of our comments for our videotaped meet and confer.

Your sudden demands for an instantaneous scheduling of a deposition, followed by strident threats are misguided. You first asked for dates on Friday September 23, 2022, but I was out of the office for the holiday on Monday. The next day, we had our meeting. And suddenly, on Wednesday, we receive demands for dates as if this was some longstanding request. It has been 48 hours since that request and we will certainly respond within a reasonable timeframe once appropriate precursor issues have been resolved. One primary issue that must be resolved before the scheduling of depositions is Defendant's refusal to produce clearly relevant documents. And even more troubling is Defendant's refusal to even meet and confer (which has now become a pattern) Although it tracks with Defendant's approach to this litigation, the demands for these turnarounds, particularly when Defendant refuses to meet and confer on necessary discovery issues are completely unreasonable. Defendant also has no problem delaying meet and confers for ten days at a time, ignores our correspondence time and again, but wants instant results from Plaintiffs. This is the essence of bad faith.

With regard to the documents, Defendant is wrongly withholding numerous documents related to her misappropriation of the leases, her theft of trade secrets, and her current and intended use of the leases and secrets for profit to the detriment of Plaintiffs. We cannot agree to a deposition when Plaintiffs have not had the opportunity to discover the true extent of Defendant's misconduct, and we especially cannot agree to a deposition where Defendant can question Mr. Peterson about Defendant's misconduct without having had a chance to review the evidence currently withheld. Moreover, the refusal to produce these documents is based on a deliberate misreading of the Complaint, and when I confronted you about this reality, Defendant had no response. Likewise, Defendant is supposedly withholding documents based on a statement by Plaintiff in their opposition to the Motion to Dismiss. When asked to identify the statement, Defendant had no response. Further, Defendant is withholding documents from your own firm's work for Plaintiffs that relies on a meritless privilege assertion and the unsupported claim that neither of the Plaintiffs hired your firm or was its client. During the September 16, 2022 meet and confer, Defendant represented that without a doubt, Plaintiffs could not access any of their file from Lloyd and Mousilli since it is privileged and belongs to Pentatherm, Inc. As I said Tuesday morning, caselaw from the Tenth Circuit wholly contradicts Defendant's assertion. Defendant next backtracked and said that some unspecified jurisdiction has some unspecified case that purportedly supports Defendant's position. Finally, you had the opportunity to depose Mr. Peterson recently for the Texas action. Instead of developing any record of the alleged "wrongful acts" that supposedly underlie the Texas action, there was a consistent effort to get the witness to agree to misleading representations of exhibits. If we could trust Defendant to deal with us in good faith about discovery, we might be able to reach a compromise. In light of these tactics, however, we need the assurance of a decision of the Court that we have all the discovery we are entitled to before moving forward with depositions. Defendant has thus far failed to provide a privilege log.

With regard to the native files, your assumptions are incorrect. To redo the whole production is unduly burdensome. It is unreasonable that Plaintiffs should incur any additional costs to redo a production that already complies with the ESI Protocol. Defendant claims to want to avoid the cost of a review platform, but review platforms have been a common part of law practice for decades. The ESI Protocol sets forth a production format that assumes the recipient intends to use a review platform (calling for load files, etc.). Plaintiffs provided extracted text with the production, and provided

all other information required by the ESI Protocol to assist Defendant in staging the production in a review platform. If Defendant needed something other than was required by the ESI Protocol, Defendant should have negotiated for that before the protocol was submitted by the parties to the Court for approval. Paragraph 45 does not contemplate a wholesale production of all email in native file format. Instead, Paragraph 45 contemplates a limited number of requests on a targeted basis for specific needs. Defendant has not established need for any individual emails in native format, and Paragraph 45 does not support Defendant's all-encompassing request. In addition, Defendant has had our production since July 26, but waited until the past week to demand an unwarranted redo for all emails. Lastly, Plaintiffs should not carry the cost of Defendant's desire to avoid reading and reviewing the very documents she requested.

Please provide authority for your position that any representation documents or bills are discoverable under Rule 26, or point to a request that was propounded to which these sorts of documents would be responsive. Attorney's fees are not an element of damages, and a jury typically does not get evidence at trial of the fees. This is awarded after the Plaintiffs prevail by the Court, and Plaintiffs' entitlement to the fees is not dependent on their engagement documents. It is unclear what the relevance or the utility of these documents are, other than to harass or make work for Plaintiffs. Since you requested these materials at 9:00 p.m. last night for the first time, you would need to meet and confer on this issue by video before making any motion to compel.

With regard to the text messages, like the date for the deposition, you first request these on September 23, 2022, although this request was made at about 2:30 in the afternoon. As I said in the meet and confer on Tuesday, we would work on getting these produced (if any exist). Your demand last night that any text message be produced by the end of the day today is unreasonable, considering it allowed less than a week to follow-up on an issue Defendant raised for the first time almost two months after Plaintiffs' production. I also asked Defendant to provide in writing any claim that Plaintiffs were deficient in their discovery on September 7, 2022. Defendant waited over two weeks to raise an issue about the text messages. Defendant again delayed, raised the issue at the last minute, and now, for tactical reasons, is demanding production within less than twenty-four hours. This is unreasonable, and we continue to work on this request.

As I said in our meet and confer on Tuesday morning, I wanted to give defense counsel the benefit of the doubt. My goal was to try and build working relationship with your side to get this case resolved or litigated. We are also conscious of the Court's desire to avoid the sort of knee-jerk motions to compel that you are threatening below. It is regrettable that none of my efforts seem to have borne fruit, and it is hard to see how any of this benefits our clients when you freely admitted that your firm sees this as a very low value case and Defendant has no plans whatsoever to make use of the leases at issue (a claim we find difficult to accept).

As for a settlement demand, we need more information, but a starting point is an immediate return of the Nevada Leases and all other Pentatherm LLC trade secrets back to Pentatherm, LLC. That is an obvious starting point and is indisputably what will occur in this case.



Joshua J. Lax
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended

recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Rachel Crockett <rachel@lloydmousilli.com>
**Sent:** Wednesday, September 28, 2022 9:00 PM
**To:** Joshua J. Lax <jlax@dicellolevitt.com>
**Cc:** Greg Gutzler <ggutzler@dicellolevitt.com>; Lema Barazi <lema@lloydmousilli.com>; Litigation <litigation@lloydmousilli.com>; Mark Hamill <mhamill@dicellolevitt.com>; Marlene Campbell <marlene@lloydmousilli.com>
**Subject:** Re: Pentatherm LLC v. Pickering

Counsel,

First and foremost, we previously requested the deposition of Neil Peterson and you have refused to provide date(s). I addressed this during our videoconference yesterday. If you continue to refuse to provide dates, we will have to unilaterally notice the deposition and move forward with a Motion to Compel if necessary. Please advise by COB tomorrow.

As we requested dates first and he is a plaintiff in this case, we are entitled to the deposition of Mr. Peterson first. Further, it sounds like you do not want to take any depositions on your end until after your allegedly forthcoming Motion to Compel regarding document production is resolved and potential additional unknown documents are produced, is that correct? If so, I am a bit confused as to what time frame I should be looking at for deposition dates as I have no idea when that chain of events would occur.

Second, I specifically requested that you produce native files multiple times on September 19, 2022, September 23, 2002, and in our videoconference on September 27, 2022. As discussed in our videoconference yesterday, Paragraph 45 requires you to comply with any request for native files unless you can show it would be unduly burdensome. As your office presumably has these native files already, and certainly your client does, and then converted them to .tiff files, it is not unduly burdensome and our request is being unreasonably denied for no apparent reason. As stated in our videoconference, the .tiff files are not easily searchable as native emails, pdfs and word files would be and it is going to be extraordinarily more expensive and time-consuming to review and categorize the documents without the native files, thus good cause exists. Unless we hear otherwise by COB tomorrow, we will be filing a Motion to Compel on this issue as well.

Third, if you have a settlement offer, please present that in writing.

Fourth, we see no need for a revised discovery schedule at this time.

Fifth, you are required to produce all documents you intend to rely on pursuant to Rule 26. Your clients have made a claim for attorney's fees in this case but we have received no engagement letters or invoices / billing statements to support this element of their alleged damages. Please advise by COB tomorrow whether Plaintiffs intend to drop their claim for attorney's fees or when such documents will be provided so we can file a Motion to Compel on this issue as well if necessary.

Sixth, we still have heard nothing about when Mr. Peterson's text messages will be produced even though you stated that you were "looking into" this in email correspondence and in our videoconference yesterday. Please produce these by COB tomorrow or we will be filing a Motion to Compel on this issue as well.

Sincerely,

On Wed, Sep 28, 2022 at 7:05 PM Joshua J. Lax <jlax@dicellolevitt.com> wrote:

> Counsel,
>
> We write to address several items.
>
> First, please provide deposition dates for Jennifer Pickering, Feras Mousilli, and David George. We will be filing a motion to compel and, once we receive all responsive documents, we will take those 3 depositions.
>
> Second, the ESI Protocol does not require production of emails in native file format. Also, Pickering did not produce emails in native format. In conclusion, we are in compliance.
>
> Third, given your claim that your clients are not doing anything with the Nevada Leases, we believe settlement is a simple and efficient path forward. What time can you speak on this topic?
>
> Fourth, we need to discuss a revised discovery schedule.
>
> Thanks,
>
> Joshua Lax
>
>  Joshua J. Lax
> **DICELLO LEVITT**
> 485 Lexington Avenue
>
> **10th Floor, Suite 1001**
>
> New York, New York 10017
>
> 646.933.1000
>
> This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

--

**Rachel Crockett**, Associate Attorney
Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 214.930.9249
www.lloydmousilli.com

> --
> **Rachel Crockett**, Associate Attorney
> Lloyd & Mousilli - Attorneys & Counselors at Law
> Main: 512.609.0059 Direct: 214.930.9249
> www.lloydmousilli.com

--
**Rachel Crockett**, Associate Attorney
Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 214.930.9249
www.lloydmousilli.com