IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00320-WJM-KLM

NEIL PETERSON, and
PENTATHERM LLC,

    Plaintiffs,

v.

JENNIFER PICKERING,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Sanctions Against Plaintiffs and Their Counsel** [#75] (the "Motion"). Plaintiffs filed a Response [#84] in opposition to the Motion [#75]. No Reply was filed. The Court has reviewed the Motion [#75], the Response [#84], the case record, and the applicable law, and is fully advised in the premises. For the reasons set forth below, the Motion [#75] is **GRANTED in part and DENIED in part**.

On February 4, 2022, Plaintiffs filed this action. *See Compl.* [#1]. On April 19, 2022, the Court entered a Scheduling Order [#33] which set a deadline by which to serve written discovery of 45 days before the October 31, 2022 discovery cut-off. Thus, the deadline to serve written discovery was September 23, 2022. The discovery cut-off was later extended to November 3, 2022, "for the sole purpose of deposing Defendant." *Oct. 25, 2022 Minute Order* [#70]. The discovery cut-off was later extended again, this time to December 31, 2022, "for the parties to take the depositions referenced in the Motion,"

1

i.e., the depositions of Plaintiff Neil Peterson, Defendant, and Mr. David George ("George"). *Nov. 7, 2022 Minute Order* [#74]. Mr. George is Defendant's business partner. *Motion* [#75] at 1. Although not sued in the present lawsuit, Mr. George is also a client of Defendant's counsel, Lema Barazi ("Barazi"). *Id.* at 3; *Pls.' Ex. 2, Jan. 5, 2023 Letter* [#85-2] at 2.

Plaintiffs are represented by five attorneys: Greg Gutzler ("Gutzler"), John Frawley ("Frawley"), Joshua Lax ("Lax"), Mark Hamill ("Hamill"), and Jacob Hollars ("Hollars"). Mr. Frawley did not enter his appearance on behalf of Plaintiffs until January 19, 2023, i.e., after the Motion [#75] was filed on January 5, 2023, although before Plaintiffs' Response [#84] was filed. *Notice* [#81]. On December 20, 2022, Mr. Frawley sent an e-mail to Defendant's counsel Ms. Barazi. *Def.'s Ex. A* [#75-1]. That e-mail simply stated: "Counsel, Please see attached from Josh Lax." *Id.* at 1. There were three attachments to the e-mail, including a subpoena for the production of documents addressed to Mr. George dated December 21, 2022. *Id.* at 2.

On December 29, 2022, Ms. Barazi sent an e-mail to Mr. Gutzler, Mr. Hawley, Mr. Hollars, Mr. Lax, and Mr. Hamill (copying several others) stating: "Greg, My Client, David George, just informed me that you and your colleagues have attempted to serve him with a discovery subpoena. As you and your colleagues are aware, this is entirely improper as the discovery time-frame has closed. Per the Court's November 7, 2022 Minute Order, discovery was extended to December 31, 2022 only for certain depositions. This harassment needs to stop now. Thank you." *Def.'s Ex. B* [#75-2].

On December 31, 2022, a process server taped a note to the door of Mr. George's residence regarding a "Federal Subpoena" and directed Mr. George to call the process

2

server within 24 hours so as not to "affirm your intention to avoid delivery of process." *Def.'s Ex. C* [#75-4].  On January 2, 2023, Ms. Baraza sent another e-mail to the same persons as her December 29 e-mail, stating: "Counsel, I still have not heard back from you regarding my email from last week.  Please advise when you all are available to confer this week via video-conference regarding this matter, as that is required before we file our discovery sanctions." *Id.*  Ultimately, the subpoena at issue was never actually served on Mr. George.  *Response* [#84] at 2.

Defendant filed the present Motion [#75] on January 5, 2023.  Defendant asks the Court to impose sanctions on Plaintiffs and their counsel pursuant to either 28 U.S.C. § 1927 or the Court's "inherent power" to sanction.  *Motion* [#75] at 3-4.  Defendant does not object to the content of the subpoena or opposing production of any specific documents on the basis of, for example, relevancy or privacy.  Rather, Defendant is seeking sanctions regarding the subpoena solely on the basis of the timing of Plaintiffs' attempts at service of the subpoena.

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions under § 1927 are appropriate when an attorney acts "recklessly or with indifference to the law." *Dominion Video Satellite, Inc. v. Echostar Satellite LLC*, 430 F.3d 1269, 1278 (10th Cir. 2005).  However, sanctions sought pursuant to § 1927 can be awarded even in the absence of a finding of bad faith. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008).  The objective nature of the attorney's conduct, rather than the attorney's subjective intent, is the focus of the Court's

3

analysis. *Barrientos-Sanabria v. Holte*, No. 11-cv-00838-KLM, 2013 WL 3270597, at *2 (D. Colo. June 27, 2013) (citing *Hamilton*, 430 F.3d at 1202 (stating that an attorney who acts with "an empty head and a pure heart" may be sanctioned); *Ctr. for Legal Advocacy v. Earnest*, 89 F. App'x 192, 193 (10th Cir. 2004) ("The standard to be applied [in § 1927 claims] is one of objective bad faith.")). The Tenth Circuit has held that sanctions are appropriate pursuant to § 1927 when an attorney is "cavalier or 'bent on misleading the court'"; "when an attorney 'intentionally acts without a plausible basis'"; "when the entire course of the proceedings was unwarranted"; when "certain discovery is substantially unjustified and interposed for the improper purposes of harassment, unnecessary delay and to increase the costs of the litigation"; or when an attorney engages in "conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir.1998) (citing *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir.1987)). Sanctions pursuant to § 1927 are not reserved for particularly "striking or egregious" conduct; they are imposed to compensate the victims of dilatory practices, not as a means of punishment. *Hamilton*, 519 F.3d at 1203. However, although a showing of a "protracted course of vexatious conduct" is not necessary, *id.*, § 1927 "is penal in nature, [and] the award should be made only in instances evidencing serious and [studied] disregard for the orderly process of justice." *Miera*, 143 F.3d at 1342 (quotations and citations omitted).

Plaintiffs' argument in opposition to the Motion [#75] is, at the very least, wrong-headed and at the worst disingenuous. Plaintiffs state:

> The [Scheduling Order] set a discovery cut-off for October 31, 2022. The order did not preclude discovery subpoenas, or set an independent deadline for them, meaning such subpoenas were appropriate until the discovery deadline passed. The parties jointly moved to extend the deadline twice.

> Each time, the parties' proposed orders made clear that the original Scheduling Order would "carry forward" with one modification: depositions could be taken up until the new discovery deadline. Thus, the lack of restrictions on discovery subpoenas for third parties would "carry forward" as well, meaning such subpoenas remained available until the new discovery period expired. The Court granted the parties' joint motions, ultimately setting the discovery deadline as December 31, 2022.

*Response* [#84] at 2 (internal footnote and docket citations omitted). There is no basis in law or fact in support of this argument, and Plaintiffs have not cited a single case in support. The Court's Minute Orders [#70, #74] were absolutely clear that the discovery cut-off was being extended for the limited purpose of allowing the parties to complete depositions. The discovery cut-off was not extended for any other purpose, including for the service of subpoenas. Thus, the Court finds that sanctions are appropriate pursuant to § 1927 under several of the non-exclusive categories in which the Tenth Circuit has found such sanctions appropriate: (1) when an attorney is "cavalier"; "when an attorney 'intentionally acts without a plausible basis'"; and (3) when an attorney engages in "conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court," including the duty to follow all orders of the Court. *See Miera*, 143 F.3d at 1342.

In addition, Plaintiffs argue that imposing sanctions pursuant to § 1927 is inappropriate because Defendant's "motion for sanctions is sanctionable itself because it is packed with demonstrably untrue information meant to mislead the Court." *Response* [#84] at 13. To the extent there may be such misrepresentations (a point on which the Court makes no comment), the Court has not relied on such statements in resolving the present Motion [#75]. The purported misrepresentations generally stem from conferral issues and characterization of exhibits. The Court need make no finding on the adequacy

5

of conferral at this time given that it is clear the parties are in vehement disagreement about the Motion [#75].  Regarding exhibits, the Court has looked directly at the exhibits provided by the parties rather than relying on any summaries of the content of those exhibits written by the parties in their briefs.

Further, to the extent Plaintiffs argue that Defendant has not provided evidence demonstrating the amount of fees and costs incurred as a result of the discovery subpoena and dispute, the Court will allow Defendant to file a motion to make such a showing.

As to which persons should be sanctioned, Plaintiffs and all five of Plaintiffs' attorneys (Mr. Hollars, Mr. Hamill, Mr. Lax, Mr. Frawley, and Mr. Gutzler) have received notice of the sanctions request, given that the Motion [#75] was filed on the electronic docket, and therefore have been provided the opportunity to be heard through briefing. Only Mr. Gutzler signed Plaintiffs' Response [#84] to the Motion [#75].  Mr. Frawley first sent the subpoena to Mr. George's counsel on December 20, 2022, as an attachment to an e-mail in which he stated "Please see attached from Josh Lax."  *See* [#75-1] at 1. Thus, Mr. Frawley appears to have only been a messenger, particularly given that he had not yet entered an appearance in this matter at that time.

Mr. Lax is the only attorney to have signed the subpoena and is the only name listed as counsel "who issues or requests this subpoena . . . ." *See id.* at 6.  Thus, although Defendant states that "Plaintiffs have a myriad of attorneys involved in this case, including: Jacob F. Hollars of Spencer Fane LLP, Mark Hamill, Greg G. Gutzler, Joshua Lax, and John Frawley of Dicello, Levitt, Gutzler LLP," and that "Defendant[ ] believes that each of them was involved in the sanctionable conduct," *Motion* [#75] at 5-6,

6

Defendant has only provided evidence of sanctionable conduct by Mr. Lax. Thus, the Court finds that the requested sanctions should be imposed on Mr. Lax.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#75] is **GRANTED in part and DENIED in part**. The Motion is **granted** to the extent that monetary sanctions are imposed on Plaintiffs' Attorney Joshua Lax in an amount to be determined by separate motion. The Motion [#75] is otherwise **denied**.

IT IS FURTHER **ORDERED** that Defendant shall file a motion for attorney fees which complies with D.C.COLO.LCivR 54.3 **no later than May 15, 2023**. The Court warns that Defendant must be specific in her requests, as the Court will not award any fees which are not clearly directly related to the sanctionable conduct described above, i.e., the Court will only award fees relating to the subpoena and preparation of the present Motion [#75].

Dated: May 1, 2023

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge