IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**NEIL PETERSON** and
**PENTATHERM LLC**,

    *Plaintiffs*,

v.

**JENNIFER PICKERING**,

    *Defendant*.

Case No. 1:22-CV-00320-WJM-KLM

## **PLAINTIFFS' OBJECTIONS TO ORDER IMPOSING SANCTIONS**

Under Federal Rule of Civil Procedure 72, Plaintiffs file the following objections to the Magistrate Judge's order granting in part and denying in part Defendant's motion for sanctions (the "Order"). (Dkt. 127). The Order imposed sanctions on one of Plaintiffs' attorneys, Joshua Lax, under 28 U.S.C. § 1927 for attempting to serve a discovery subpoena (*a subpoena for which Defendant was provided notice, made no objection, was never actually served, and Defendant's counsel never had to respond to its requests*). (*Id.* at 7). Plaintiffs object to that part of the Order on the following bases: (1) the record shows the subpoena did not prolong the proceedings as required to impose § 1927 sanctions and (2) the record does not support the Order's finding that Mr. Lax acted unreasonably and vexatiously under § 1927.

### I.    BACKGROUND

On April 19, 2022, the Magistrate Judge in this matter entered a Scheduling Order setting forth deadlines for discovery. (Dkt. 33). Paragraph 8(d) of the Scheduling Order stated as follows: "Deadline for service of interrogatories, Requests for Production of Documents, and/or

Admissions. 45 days before the discovery deadline." (*Id.* at 7). Plaintiffs interpreted this provision to relate solely to discovery from other parties in the action through interrogatories under Rule 33, document requests under Rule 34, and requests for admissions under Rule 36. Because discovery under these rules allow thirty days to serve responses and objections, this provision appeared to prevent a party from serving requests that would be due on the last day of discovery, thus prolonging the process. This provision made no reference to subpoenas or to Rule 45.

The first discovery extension was sought by the parties on October 18, 2022, because Defendant was not available for a deposition until three days after the close of discovery on October 31, 2022. (Dkt. 67). The Magistrate Judge granted this extension on October 25, 2022. (Dkt. 70). The order on that motion specified that discovery was extended to November 3, 2022, "for the sole purpose of deposing Defendant." (*Id.*).

The parties next sought to amend the Scheduling Order on November 3, 2022. (Dkt. 71). The basis for this request was that Plaintiffs reproduced their productions in a new format to Defendant, as well additional documents sought by Defendant, and Defendant wanted to review the productions before taking depositions. (*Id.*). The Magistrate Judge's November 7, 2022 order on that motion stated that discovery was extended to December 31, 2022, "for the parties to take the depositions referenced in the Motions." (Dkt. 74). Absent from this order was the "sole purpose" language that was included in the October 25, 2022 order. (*Id.*). The absence of this language indicated the parties were not confined only to the taking of the referenced depositions.

Defendant appeared to interpret the November 7, 2022 order in this manner. A month after the order (and three weeks before the projected close of discovery), Defendant began seeking additional information and documents from Plaintiffs that were both beyond the requests she had previously served and related to discovery she had previously objected to producing as wholly

2

irrelevant to the case. (*See* Dkt. 84-18 at 3–5). It is in this context that Plaintiffs sought to serve the subpoena at issue in this appeal.

As the Court is aware, this matter concerns a dispute over the ownership of several leases in Nevada for geothermal energy exploration. (Dkt. 1 ¶¶ 1–10). Plaintiffs are Neil Peterson and Pentatherm LLC, of which Mr. Peterson has been and is the sole member. (Dkt. 1-3). Defendant was instructed by Mr. Peterson to purchase the leases now in dispute for Pentatherm LLC. (Dkt. 1 ¶ 33). Unbeknownst to Plaintiffs, Defendant used her own name to obtain the leases from the United States Bureau of Land Management. (*Id.*). The core of the dispute in this matter focuses on a series of events in which Defendant, working with attorneys from defense counsel's firm, transferred the leases to a new entity, Pentatherm Inc. (*Id.* ¶ 9). Defendant claims she and another individual, David George, are members of Pentatherm LLC (they are not). (*See* Dkt. 121 at 3–5).

In addition to claims regarding the ownership of the leases, Plaintiffs brought claims for misappropriation of trade secrets. (Dkt. 1 ¶¶ 75–95). Plaintiffs initially sought discovery from Defendant relating to the trade secret claims. (Dkt. 84-18 at 3–5). During discovery, Defendant sought to limit her discovery productions to documents relating only to ownership of the leases in dispute, and refused to produce any documents from after the date the leases were reassigned to Pentatherm Inc. (Dkt. 84-18 at 3). Defendant claimed Plaintiffs had no claim for misappropriation of trade secrets and any related discovery was irrelevant. (Dkt. 84-14 at 3–5; Dkt. 84-18 at 3).

The parties met and conferred regarding Defendant's objection to producing any discovery relevant to the theft of trade secrets aside from the leases or regarding events after the leases were assigned by Defendant. (Dkt. 84-18 at 3). Per a prior order of the Court, these conferrals were videotaped. (*Id.*). In the meet and confers, Defendant took the same position outlined above regarding trade secrets. (*Id.*). Based on these contentions, Defendant insisted that the only

3

questions for which discovery was proper related to ownership of the leases. (*Id.*). Defendant denied throughout discovery that she had any intention of developing the leases and asserted that her activities with Mr. George since she assigned the leases had no connection to the leases at issue. (*Id.* at 4). Defendant accused Plaintiffs of a fishing expedition and took the position that Plaintiffs would have to move to compel discovery. (*Id.*). Ultimately, Plaintiffs did not seek Court intervention for these objections and relied on the position taken by Defendant.

After Plaintiffs' reliance on this position for most of discovery, on December 8, 2022, defense counsel sent a letter demanding all "confidential information," "work product," and "trade secrets" belonging to Plaintiffs. (*Id.* at 4–5). Such a broad demand was never included in any previous document request. (*Id.* at 3). In addition, a week earlier, Defendant and George held a meeting purportedly as members of Plaintiff Pentatherm LLC (despite the fact neither are members). (*See id.* at 4). At the meeting, Defendant and George purported to grant themselves a worldwide irrevocable license to Pentatherm LLC's intellectual property. (*Id.*). Thus, a week after a sham members' meeting of the LLC in which Defendant and George granted themselves an unlimited license to use Plaintiff Pentatherm LLC's intellectual property, defense counsel, in a complete reversal of their position from earlier in discovery, wanted discovery on trade secrets and confidential information from Pentatherm LLC. These events were of great concern to Plaintiffs.

Based on Defendant's reversal of her position and apparently new discovery request, Plaintiffs told Defendant in a December 20, 2022, letter that if she moved forward with the request for all of Plaintiffs' intellectual property, (1) she had to agree to an extension of discovery with an opportunity for Plaintiffs to take discovery from Defendant on her subsequent business activities in geothermal exploration (including regarding an entity known as Viridly), and (2) she should not object to a subpoena Plaintiffs would serve on Mr. George. (*Id.* at 3–5). The proposed subpoena

4

was sent with the letter to defense counsel to satisfy the notice requirement under Rule 45. (*Id.*).

Between December 23, 2022, and December 30, 2022, defense counsel corresponded with members of Plaintiffs' counsel regarding the December 20, 2022 letter and other matters. (Dkt. 84-14 at 2–8). Defendant and her counsel made no mention of the subpoena until December 29, 2022. On that date, defense counsel sent an e-mail to Greg Gutzler stating she was "just informed" regarding the attempted service of the subpoena on Mr. George. (Dkt. 75-2). This was surprising as defense counsel had notice of the subpoena and had responded to the letter that referenced and enclosed the subpoena in the intervening time. (Dkt. 84-14 at 6–7). Plus, as of December 30, 2022, Defendant continued to maintain her entitlement to broad discovery of Plaintiffs' intellectual property. (Dkt. 84-14 at 4). On January 2, 2023, defense counsel asked for a meet-and-confer about a planned motion for sanctions. (Dkt. 75-2). On January 4, 2023, Plaintiffs proposed a meet and confer to discuss issues from both parties. (Dkt. 84-16). Defense counsel did not respond and filed for sanctions on January 5, 2023, without meeting and conferring. (Dkt. 75). The Magistrate Judge granted the motion in part and denied it in part, imposing sanctions on Mr. Lax under 28 U.S.C. § 1927 for the attempted service of the subpoena. (Dkt. 127).

## II.   LEGAL STANDARD

A district court must "modify or set aside any part" of a magistrate judge's non-dispositive order "that is clearly erroneous or is contrary to law" to which a party has "timely object[ed]." Fed. R. Civ. P. 72(a). Where magistrate judges rule without discussing their rationale, district courts "can review the issues *de novo*." *Hirsch v. Zavaras*, 920 F. Supp. 148, 150 (D. Colo. 1996).

## III.   ARGUMENT

Sanctions are only warranted under 28 U.S.C. § 1927 against an attorney if the attorney "multiplie[d] the proceedings" through their "unreasonabl[e] and vexatious[]" conduct. *Id.* The

Order erred in imposing sanctions on Mr. Lax because the subpoena at issue did not multiply the proceedings, Mr. Lax did not act unreasonably and vexatiously, and the Order excused Defendant's failure to meet and confer.

**A.   The Order is contrary to law because it imposes sanctions on Mr. Lax absent a showing that he multiplied the proceedings.**

The Order is contrary to law because it fails to consider whether counsel multiplied the proceedings, and the record does not support such a finding. Multiplication of proceedings is a required element for imposing § 1927 sanctions. *Id.*; *Shields v. Shetler*, 120 F.R.D. 123, 127 (D. Colo. 1988) ("Three substantial requirements must be met before liability may be imposed under § 1927: (1) a multiplication of proceedings by an attorney or other person; (2) by conduct that can be characterized as unreasonable and vexatious; and (3) a resulting increase in the cost of the proceedings."). But the Order does not address or discuss this element. (Dkt. 127 at 1–7). On this ground alone, the Order should be reversed. In the alternative, the Court may review whether Mr. Lax multiplied the proceedings *de novo*. *Hirsch*, 920 F. Supp. at 150.

*De novo* review shows Mr. Lax did not multiply the proceedings. Conduct multiplies proceedings where it "prolong[s] the litigation of a case." *Home Design Servs., Inc. v. Chris Kendrick Const.*, No. CIV.A. 08-CV-01978WY, 2009 WL 1973503, at *3 (D. Colo. July 7, 2009) (citation omitted). So, seeking extensions of time based on "deception" prolongs litigation. *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1226 (10th Cir. 2006). So does filing a frivolous appeal, *Lewis v. Cir. City Stores, Inc.*, 500 F.3d 1140, 1153 (10th Cir. 2007); filing "unsound" motions after a case "was dismissed with prejudice," *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 721 (7th Cir. 2006); and "attempting to file an amended complaint that d[oes] not materially differ from one which the district court ha[s] already concluded did not state a claim," *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990). "[S]ection 1927 *only* sanctions activity that proliferates or

6

prolongs litigation and generates needless proceedings; attorney misconduct that does not prolong litigation is *not* sanctionable under section 1927." *Cronshaw v. Philips Med. Sys., Inc.*, No. 94 C 1446, 1995 WL 22877, at *3 (N.D. Ill. Jan. 13, 1995) (emphasis added).

Here, the subpoena did not prolong the litigation of this case in any way. No deadlines were impacted. No additional proceedings took place. The subpoena was never served, Defendant never had to respond to its requests, and Plaintiffs filed no motions related to the subpoena. Although *Defendant* filed a motion for sanctions based on the subpoena (Dkt. 75), that is not Mr. Lax's fault. The motion could easily have been avoided if Defendant had met and conferred with Plaintiffs regarding the subpoena. But Defendant refused to meet and confer before filing the motion for sanctions, in violation of Local Rule 7.1, even though this Court had previously stricken one of Defendant's motions for her counsel's failure to meet her duty to confer before filing it. (Dkt. 84 at 7–8, 11–13; Dkt. 23). Thus, the record and the applicable law show the subpoena did not prolong this case under § 1927. Accordingly, the Court should reverse the portion of the Order imposing sanctions on Mr. Lax.

### B. The Order erred in excusing Defendant's failure to meet and confer.

Defendant initially proposed a meet and confer with the parties. (Dkt. 75-2). When Plaintiffs proposed discussing the issues related to the sanctions motion as well as other issues, Defendant ignored them and filed for sanctions without conferring. (Dkt. 84 at 11–13). The Order implies the adequacy of Defendant's conferral efforts is immaterial because "it is clear the parties are in vehement disagreement" about the sanctions motion. (Dkt. 127 at 6). But the purpose of a meet and confer is not only to determine if a motion is opposed; it is also to determine if the parties may resolve their differences such that a motion need not be filed. *See* D.C. Colo. L. Civ. R. 7.1. "Local Rule of Practice 7.1A provides the court will not consider any motion, other than one filed under Fed. R. Civ. P. 12 or 56 unless counsel for the moving party . . . has conferred or made

7

reasonable, good faith efforts to confer with opposing counsel to resolve the disputed matter." *M.M. v. Zavaras*, 939 F. Supp. 799, 800 (D. Colo. 1996). "The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003). Here, if the parties had met and conferred, they likely could have resolved their differences (Plaintiffs did not pursue the subpoena after December 31, 2022, regardless). The Order errs in excusing Defendant's failure to meet and confer.

        **C.**        **The Order errs because it imposes sanctions on Mr. Lax for conduct that was not unreasonable and vexatious.**

The Order also errs in finding Mr. Lax acted unreasonably and vexatiously. Unreasonable and vexatious conduct occurs "when an attorney acts recklessly or with indifference to the law." *Martin for estate of Martin v. Greisman*, 754 F. App'x 708, 713 (10th Cir. 2018) (citation and quotation omitted). "This is an extreme standard, and fees should be awarded only in instances evidencing a serious . . . disregard for the orderly process of justice." *Id.* (*quoting Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015)). Notably, a "misinterpretation" is not "sufficient for a finding of reckless disregard for the duty owed by counsel to the Court." *Barrientos-Sanabria v. Holte*, No. 11-CV-00838-KLM, 2013 WL 3270597, at *4 (D. Colo. June 27, 2013).

The attempt to serve the discovery subpoena did not exhibit disregard for the process of justice and represented, at worst, a reasonable if mistaken misinterpretation of the Magistrate Judge's orders. First, the provision in the Court's first scheduling order setting forth deadlines to serve interrogatories, document requests, and requests for admissions of forty-five days before the end of discovery does not appear to reference or include subpoenas. Thus, Plaintiffs interpreted this order to allow subpoenas after the forty-five day deadline for other types of discovery. This interpretation is demonstrated in real time by the December 20, 2022, letter to Defendant. In

8

particular, the letter recognizes that the parties would need an extension on Defendant's consent to serve discovery requests on Defendant related to her more recent geothermal business activities, while expressing a belief that a subpoena could be served without an extension. Thus, contrary to the Order's conclusion that counsel disregarded the Court's orders, the record demonstrates that counsel was cognizant of and gave consideration to the language of the Court's orders.

In addition, it was reasonable to believe that the Magistrate Judge's November 7, 2022 order extending discovery permitted the subpoena. *Supra* Part I. This is especially so because that order did not include the "sole purpose" language from the October 25, 2022 Order. (Dkts. 70, 74). Plaintiffs affixed meaning to the absence of this language, and understood the references in the November 7, 2022, Order to be the reason for granting the extension, but not a specific limitation that could occur after that date.

The context for the extensions further influenced the interpretation of these orders. The first extension resulting in the October 25, 2022, order was made explicitly for the purpose of taking Defendant's deposition three days after the existing deadline for discovery. (Dkt. 67). On the other hand, the motion for an extension resulting in the November 7, 2022, order, which did not use the "sole purpose" language, was based on Defendant's need to review documents before taking depositions, which would imply that additional discovery activities could occur. (Dkt. 71). Thus, the absence of "sole purpose" language in the November 7, 2022, order, appeared to reflect that additional discovery activities could occur in the extended period.

Indeed, the conduct of all parties reflect a similar understanding. Defendant did not restrict herself only to taking depositions after the Magistrate Judge's November 7, 2022, order. Instead, Defendant continued to ask for additional materials, and as noted, sought to materially change the nature of discovery in this case by taking a position on the scope of the issues diametrically

9

opposed to her previous position three weeks before the end of discovery. (*See* Dkt. 84-18). In particular, the request for "confidential information" and "trade secrets" sought in Defendant's December 8, 2022, letter, appeared to be a new, informal request, as noted in Plaintiffs' December 20, 2022, letter. (*Id.* at 3). Thus, the conduct of the parties suggested that *both sides* interpreted the November 7, 2022, order to permit discovery outside of depositions.

Notably, through the subpoena, Plaintiffs did not seek to raise new discovery disputes. The subpoena was a *response* to the fact that Defendant had raised new issues. (*Id.* at 4). Because Defendant advanced a new, expansive view of the types of trade secrets at issue in the case on December 8, 2022, Plaintiffs sought to guard against a scenario in which (1) Defendant obtained an order for Plaintiffs to produce intellectual property and (2) Plaintiffs were foreclosed from discovery under this expansive view because they had, in line with Defendant's earlier position in discovery, not sought discovery from either Defendant or third parties about Defendant's more recent geothermal ventures. (*See id.* at 3–5). In particular, Plaintiffs would become vulnerable to further harm which could not be prevented without evidence that could demonstrate a connection between Defendant, Mr. George, and Viridly's activities and the confidential trade information they were now seeking. Lastly, this view as demonstrated in the record, reflects the interpretation of the November 7, 2022, order, that the parties were not only limited to taking depositions.

In this context, it cannot be said that Mr. Lax acted unreasonably and vexatiously under § 1927. Mr. Lax was not cavalier, he did not intentionally act without a plausible basis, or manifest intentional or reckless disregard of the attorney's duties to the Court. On the contrary, the record demonstrates that counsel acted reasonably, if mistakenly, in signing the subpoena.

## IV. CONCLUSION

The Court should modify the Order to vacate the imposition of sanctions on Mr. Lax.

Dated: May 15, 2023					Respectfully submitted,

					 */s/ Greg G. Gutzler*
					Greg G. Gutzler
					**DiCELLO LEVITT**
					485 Lexington Avenue
					Tenth Floor, Suite 1001
					New York, NY 10017
					Tel: 646-933-1000
					Fax: 646-494-9648
					ggutzler@dicellolevitt.com

					*Counsel for Plaintiffs Neil Peterson and Pentatherm LLC*