**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-0320-WJM-KLM

NEIL PETERSON, and                                      **RESTRICTED LEVEL 1**

PENTATHERM LLC,

     Plaintiffs,

v.

JENNIFER PICKERING,

     Defendant.

---

## ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY AND DEFENDANT'S MOTION TO SHOW AUTHORITY

---

Before the Court are Plaintiffs Neil Peterson and Pentatherm LLC's (jointly, "Plaintiffs") Motion to Disqualify Defendant's Counsel ("Motion to Disqualify") (ECF No. 86) and Defendant Jennifer Pickering's Motion to Show Authority (ECF No. 101). Both motions are fully briefed.

For the reasons set forth below, the Motion to Disqualify and the Motion to Show Authority are denied. Plaintiffs' Motion for Expedited Consideration (ECF No. 120) is denied as moot.

## I. BACKGROUND[1]

Peterson is an experienced geothermal geologist who founded Pentatherm LLC

---

[1] The following factual summary is based on the parties' briefs on the Motions and documents submitted in support thereof. These facts are undisputed unless attributed to a party or source. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

as a Colorado LLC in 2020.  (ECF No. 1 at 3.)  Peterson engaged Pickering to provide geologic analysis and business development services to Pentatherm LLC.  (*Id.* at 4.)  Though the parties disagree on the exact nature of Peterson and Pickering's business relationship and whether Pickering came to be an owner of Pentatherm LLC, by June 12, 2021, they agreed that they and non-party David George were "partners."  (ECF No. 101 at 3.)  To reflect this relationship, they decided to consult a lawyer on equity and governance issues in startups.  (*See* ECF No. 86 at 2–3.)

On July 13, 2021, Pickering signed an engagement letter on behalf of "Pentatherm" with Feras Mousilli of Lloyd & Mousilli PLLC ("L&M").  (ECF No. 87-5 at 4.)  L&M advised that a Delaware C corporation should be formed to become the parent company for the business venture.  (ECF No. 87-8 at 2.)  On August 9, 2021, Pentatherm Inc. was incorporated in Delaware with Peterson, Pickering, and George as the inaugural board of directors.  (ECF No. 87-9 at 2.)

Eventually, Peterson's relationship with his business partners and L&M soured.  On November 29, 2021, Peterson sent an e-mail to L&M, Pickering, and George purporting to terminate Pentatherm LLC's engagement of L&M.  (ECF No. 87-14 at 2.)  L&M responded to Peterson that Pentatherm Inc. was its client and that its engagement could only be terminated by a resolution of the board of directors.  (*Id.*)

Peterson claims he could terminate L&M's engagement unilaterally because he was and has always been the sole member of Pentatherm LLC.  (ECF No. 87 at 6–7.)  Pickering contends that since June 12, 2021, she, Peterson, and George have each owned one third of Pentatherm LLC.  (ECF No. 101 at 3.)

## II. LEGAL STANDARD

### A.    Motion to Disqualify

"It is well-established that ordinarily 'the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge,' and is thus a matter of judicial discretion."  *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (quoting *Redd v. Shell Oil Co.*, 518 F.2d 311, 314 (10th Cir. 1975)).

> Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. . . .  Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are . . . governed by the ethical rules announced by the national profession and considered "in light of the public interest and the litigants' rights."

*Id.* (quoting *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992)).  With exceptions not relevant here, the United States District Court for the District of Colorado has adopted the Colorado Rules of Professional Conduct ("Colorado RPC") to govern attorney conduct in this District.  *See* D.C.COLO.LAttyR 2(a).  The ABA Model Rules of Professional Conduct ("ABA Model RPC") "reflect the national standard to be used in ruling on disqualification motions."  *Cole*, 43 F.3d at 1383.  Colorado RPC 1.9 and ABA Model RPC 1.9 are identical.  *Schrock v. State Farm Auto. Ins. Co.*, 2022 WL 4547569, *2 (D. Colo. Sept. 29, 2022).

The party seeking to disqualify opposing counsel has the burden of establishing that "(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is 'substantially related' to the subject of the movant's prior representation; and (3) the interests of the opposing counsel's present client are materially adverse to the movant."  *United States*

*v. Stiger*, 413 F.3d 1185, 1196 (10th Cir. 2005) (quoting *Cole*, 43 F.3d at 1383) (internal quotation marks omitted).  "If the movant establishes the first two prongs, an irrebuttable 'presumption arises that a client has indeed revealed facts to the attorney that require his [or her] disqualification.'"  *Id.* (quoting *Smith v. Whatcott*, 757 F.2d 1098, 1100 (10th Cir. 1985), *superseded by rule on other grounds as stated in SLC Ltd. V v. Bradford Grp. W., Inc.*, 999 F.2d 464, 466 (10th Cir. 1993)).

"[D]isqualification motions must be diligently pursued to avoid waiver and may not be used as strategic litigation tactics."  *Smith*, 757 F.2d at 1100; *accord Brown v. Unified Sch. Dist. 501*, 67 F.3d 312 (1995) (unpublished table decision) ("*Redd* holds if a party fails diligently to pursue a motion to disqualify, [it] waives the right to assert the issue."); *see also Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1212 (10th Cir. 2000) (describing *Redd* as "a case in which [the Tenth Circuit] held that the late filing of a motion to disqualify for a conflict of interest, on the Friday preceding a Monday trial date, justified the court's summary rejection of the motion.").

## B.    Motion to Show Authority

Defendant nominally brings the Motion to Show Authority under Federal Rule of Civil Procedure 9(a), however, Rule 9(a) merely sets out *pleading* standards—it does not provide a procedural mechanism.  (ECF No. 101 at 3; Fed. R. Civ. P. 9(a).)  The true purpose of the Motion to Show Authority is apparent in the relief it requests: that "Pentatherm LLC's claims in this case [be] dismissed with prejudice."  (ECF No. 101 at 6.)  Because Defendant attaches and relies upon several exhibits in support of the relief she seeks, (ECF Nos. 101, 101-1, 101-2, 101-3, 101-4, 101-5, 101-6, 101-7), the Court construes the Motion to Show Authority as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *S.E.C. v. Wolfson*, 539 F.3d 1249, 1265 (10th Cir. 2008).

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III. ANALYSIS

**A.    Motion to Disqualify**

Plaintiffs seek to disqualify L&M by imputing named partner Feras Mousilli's alleged conflict of interest to L&M as a whole.  (ECF No. 87 at 3–6.)  Plaintiffs argue Plaintiff Pentatherm LLC is Feras Mousilli's former client.  (*Id.*)  They argue disqualification is appropriate because Fousilli advised on company structure and governance issues closely related to the disputes in this action.  (*Id.* at 8–12.)

According to Plaintiffs, L&M's representation of Defendant despite its conflict has given Defendant an undue advantage and is in violation of Colorado and ABA Model RPS 1.9. (*Id.*)

Defendant asserts Pentatherm LLC has never been L&M's client (and neither has Peterson). (ECF No. 99 at 5–6.) She insists that Fousilli represented Pentatherm Inc., which is not a party to this case and is not adverse to her interests. (*Id.* at 5–12.) She also accuses Plaintiffs of gamesmanship and argues they have always known about Fousilli's legal advice and the engagement of other L&M lawyers in this action. (*Id.* at 13–15.)

Plaintiffs filed this action on February 4, 2022, and Lema Barazi entered her appearance on February 28, 2022. (ECF Nos. 1, 7.) Barazi's notice of appearance clearly and unmistakably states in bold letters that she is a member of L&M. (ECF No. 7 at 2.) Barazi's e-mail signature line and signature block in filings in this action also indicate her association with L&M. (ECF No. 85-15 at 4; *e.g.*, ECF No. 10 at 1.) And, of course, Ms. Barazi represented Defendant in a lawsuit she filed in Harris County, Texas that predated this action and has since been dismissed without prejudice for lack of personal jurisdiction over Peterson. (ECF No. 111-1 at 9.) Yet for more than a year, Peterson proceeded through the motion practice and discovery phases of this action without seeking to disqualify defense counsel.

Plaintiffs contend the delay in filing the Motion to Disqualify was caused by defense counsel's stall tactics. (ECF No. 111 at 6–10.) They argue they diligently pursued Pentatherm LLC's right to prevent its former counsel from representing an adverse party in a substantially related matter but were prevented from presenting their

arguments fully by defense counsel's refusal to produce certain documents in discovery or make Feras Mousilli available for deposition.  (*Id.*)  Despite Defendant's alleged stall tactics, Plaintiffs never pressed the issue by filing a motion to compel a deposition of Feras Mousilli.

The Court is unpersuaded that there is any reason for Plaintiffs' delay in filing the Motion to Disqualify other than to gain a tactical advantage in this action.  *Smith*, 757 F.2d at 1100.  A litigant may not simply sit on a known right to disqualify opposing counsel until an opportune time.  *See id.*  Because the Court finds this is precisely what Plaintiffs have done, it finds Plaintiffs have waived any challenge to L&M's representation of Defendant in this case.  Therefore, the Motion to Disqualify is denied.

## B.    Motion to Show Authority

As previously stated, the Court construes the Motion to Show Authority as a motion for summary judgment.  *See supra*, Part II.B.  The Motion to Show Authority was filed on March 10, 2023, more than two weeks after the February 22, 2023, dispositive motions deadline.  (ECF Nos. 83, 101.)  Therefore, the Motion to Show Authority is denied as untimely.

## IV. FINAL THOUGHTS

As noted above, "the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge."  *Redd*, 518 F.2d at 314.  Although the Court denies both the Motion to Disqualify and the Motion to Show Authority, they punctuate a disturbing trend in counsel's conduct in this case.

Litigation by its nature involves some conflict, but counsel has taken this to the extreme.  Attorneys are officers of the Court and expected to recognize the vast gulf between zealous advocacy and recalcitrance.  *See* ABA Model RPC 3.3, cmt.2.  In this

case, counsel's inability to meet and confer in good faith caused United States Magistrate Judge Kristen L. Mix to order them to record their conferrals and submit video recordings of conferrals in future discovery disputes.  (ECF No. 64.)  The Court has learned from Judge Mix's staff that, despite this order, the parties still submitted a premature discovery dispute to her in October 2022.

Counsel has also repeatedly accused each other of acting inappropriately, thereby further escalating tensions.  In their Motion to Disqualify, Plaintiffs accuse defense counsel of breaching her imputed duty of loyalty to Pentatherm LLC, L&M's alleged former client, in violation of Colorado and ABA Model RPC 1.9 and 1.10.  (ECF No. 87.)  Defendant not only argues the Motion to Disqualify is meritless—she includes an improper motion to disqualify *Plaintiffs'* counsel in her response brief.  (ECF No. 99 at 8–9, 15.)

In an e-mail exchange from September 2022 submitted to Judge Mix, counsel of record engaged in an extensive back and forth about various discovery disputes.  (ECF No. 85-15.)  In the midst of this, Joshua Lax (Plaintiffs' counsel) wrote to Rachel Crockett (Defendant's counsel) that members of his firm "continue to be shocked by the tenor and content of [her] communications."  (*Id.* at 8.)  Lax proceeded to respond to the substance to Crockett's earlier e-mail, but not without referring to Crockett's e-mail as "oddly contentious and disingenuous" first.  (*Id.*)  Crockett responded that the "tenor and tone of [Lax's] email saddens" her, and she accuses Lax's offer of a relationship "reset" as "disingenuous."  (*Id.* at 7.)  She then responded substantively to the rest of Lax's e-mail.  (*Id.* at 7–8.)

The Court is struck by the contentiousness and the aggressively personal nature

of counsel's exchange.  Nor can the Court ignore Lax and Crockett's strangely similar word choice.  From this, the Court can only conclude that this unbecoming exchange is the lawyerly equivalent of the familiar schoolyard refrain, "I know you are but what am I?"  Counsel should not have to be reminded that this proceeding is not the playground.

All counsel are now fully on notice that the undersigned will not sit idly by in the face of further mud slinging between or among them.  Continued unprofessional conduct of this kind may expose counsel to a judicial complaint by the undersigned to the District Court's Committee on Conduct, among other possible sanctions.

Separately, the Court notes an irregularity in Defendant's Motion to Dismiss, or In the Alternative Stay ("Motion to Dismiss") (ECF No. 29).  This District's Local Civil Rule 10.1(d) provides: "Unless otherwise ordered, all typewritten pleadings and documents shall use black ink and not less than 12-point font."  D.C.COLO.L.CivR 10.1(d).  While the caption, heading, and signature block are all in 12-point font, the body of the Motion to Dismiss is conspicuously 11-point font.  This apparent attempt to circumvent the Court's page limits[2] is not well-received and will not be tolerated in the future.  Counsel (for Plaintiffs and Defendant) would be well-served to scrupulously observe the Local Rules and the Court's Revised Practice Standards, at a minimum.  Further attempts to manipulate the Court by ignoring these rules will invite a *sua sponte* motion of the Court for, and the imposition of, appropriate sanctions.

---

[2] While Defendant was entitled to 15 pages under the Court's Revised Practice Standards, the fact that the Motion to Dismiss so perfectly fits into 10 pages (excluding certificate of service) leaves the unmistakable impression that defense counsel believed she only had 10 pages and manipulated the font size—rather than editing her filing, or seek leave for another page to the filing—in order to fit within a perceived 10-page limit.  *See* WJM Revised Practice Standards III.C.1.

**V. CONCLUSION**

For the reasons set forth above, the Court ORDERS that Plaintiffs' Motion to Disqualify Defendant's Counsel (ECF No. 86) and Defendant's Motion to Show Authority (ECF No. 101) are DENIED and Plaintiffs' Motion for Expedited Consideration (ECF No. 120) is DENIED AS MOOT.

Dated this 18th day of May, 2023.

BY THE COURT:

William J. Martínez
Senior United States District Judge