IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00320-WJM-KLM

NEIL PETERSON, and
PENTATHERM LLC,

     Plaintiffs,

v.

JENNIFER PICKERING,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendant's first **Motion to Restrict** [#90], Defendant's second **Motion to Restrict** [#93], Defendant's third **Motion to Restrict** [#98], Defendant's fourth **Motion to Restrict** [#104], and Defendant's fifth **Motion to Restrict** [#115] (collectively, the "Motions"). Plaintiffs filed Responses [#107, #112, #114, #123] in opposition to the Motions [#90, #93, #98, #104, #115]. No replies were filed. The Court has reviewed the Motions, the Responses, the case record, and the applicable law, and is fully advised in the premises. For the reasons set forth below, the Motions [#90, #93, #98, #104, #115] are **GRANTED in part and DENIED in part**.

     The parties have filed sixty-six documents in this case under restriction: #85, #85-1, #85-2, #85-3, #85-4, #85-5, #85-6, #85-7, #85-8, #85-9, #85-10, #85-11, #85-12, #85-13, #85-14, #85-15, #85-16, #85-17, #85-18, #87, #87-1, #87-2, #87-3, #87-4, #87-5, #87-6, #87-7, #87-8, #87-9, #87-10, #87-11, #87-12, #87-13, #87-14, #87-15, #87-16, #95, #95-1, #95-2, #95-3, #95-4, #95-5, #95-6, #99, #99-1, #99-2, #99-3, #99-4, #99-5,

1

#99-6, #100, #100-1, #100-2, #100-3, #100-4, #100-5, #100-6, #108, #108-1, #108-2, #108-3, #111, #111-1, #113, #122, #124.   Before turning to the specifics of these documents, the Court emphasizes several legal considerations underlying its analysis below.

Pursuant to D.C.COLO.LCivR 7.2(a), the Court's policy regarding public access to documents is as follows: "Unless restricted by statute, rule of civil procedure, or court order, the public *shall* have access to all documents filed with the court . . . ." (emphasis added).  Thus, "[t]he fact that the parties agree to restriction or that there is a Stipulated Protective Order in place does not dictate the Court's decision or change its analysis, as the right of access belongs to the public, which is not a party to the parties' agreement or protective order."  *E.E.O.C. v. Columbine Health Sys., Inc.*, No. 15-cv-01597-MSK-CBS, 2017 WL 4163354, at *12 (D. Colo. Sept. 19, 2017).  Thus, simply because a document is marked as "Confidential" and/or "Subject to Protective Order" does not mean that the Court must keep the document restricted.  *See, e.g.*, *Ex. 9* [#85-9].

Despite the "presumption that documents essential to the judicial process are to be available to the public, . . . they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure."  *Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158 (D. Colo. 2015) (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997)).  Where no reason whatsoever is set forth to restrict a document, then the public's right of access automatically outweighs any interests which favor nondisclosure, as demonstrated by the Court's Local Rule 7.2(e), which provides: "If a document is filed as a restricted document without an accompanying motion to restrict, it shall retain the restriction selected by the filer for 14 days.  If no motion to restrict

is filed within such time period, the restriction *shall* expire and the document *shall* be open to public inspection."  D.C.COLO.LCivR 7.2(e) (emphasis added).  This nondiscretionary language is mandatory and requires the Court to remove all restriction from documents filed under restriction without an accompanying motion to restrict.  As discussed below, a number of documents on the electronic docket fall into this category, meaning their purported restrictions must be removed because no accompanying motions to restrict were filed within the period permitted by the Local Rule.

The Court's Local Rules detail the steps a party must take to retain a document under restriction.   Specifically, a party must file a motion to restrict addressing the following five points:

> (1) identify the document . . . for which the restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access . . . ; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable . . . ; and (5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).

When a motion to restrict is filed, the public is given notice of the filing and time to object to the restriction request, pursuant to D.C.COLO.LCivR 7.2(d): "Notice of the filing of such motion shall be posted on the court's website on the court business day following the filing of the motion.  Any person may file an objection to the motion to restrict no later than three court business days after posting."   Thus, as required by Local Rule 7.2(c), it is imperative that a motion to restrict documents clearly identify which document(s) the party who filed the motion is seeking to have restricted in order to give the public adequate notice pursuant to the Local Rule.  Motions which fail to give the public adequate notice of which document(s) is at issue must therefore be denied.  As explained further below,

some documents which Defendant *may* be seeking to have restricted are not clearly identified, and certainly not so clearly identified that the general public would be put on adequate notice of the restriction request(s).  Thus, where documents have not been clearly identified, the Court has found that all restriction should be removed pursuant to the notice provision of Local Rule 7.2(d).

As noted, D.C.COLO.LCivR 7.2(d) allows a person to "file an objection to the motion to restrict no later than three court business days after posting."  Here, the Motions were publicly posted to allow for any objections to the sealing of the documents.  No objections were filed other than those by Defendant.  Plaintiffs oppose each of the Motions except for the second Motion [#93].  They state in their Response [#112] to the third Motion [#98] that the third Motion [#98] is an amended version of the second Motion [#93], since the filings underlying the second Motion [#93] were struck by the Court, *see Order* [#97] for failing to comply with practice standards.  *See Response* [#112] at 1 n.1; *Order* [#97].  Plaintiffs assert that the second Motion [#93] is therefore moot, but this is incorrect. Plaintiffs appear to be under the misapprehension that documents "stricken" from the electronic docket are actually removed and/or automatically restricted from the public. That is not the case.  Rather, the documents remain on the electronic docket as filed, but they are simply stricken for all purposes relating to the lawsuit.  In other words, the documents may not be utilized for litigation purposes and the Court takes no further notice of them in connection with the lawsuit.  However, stricken documents may still be viewed by the Court, the parties, and the public, unless action is taken by the parties to restrict the documents in whole or in part.  Here, this means that, although the underlying documents were stricken for purposes of this lawsuit, they remain on the electronic docket

and remain subject to the temporary filing restriction until the Court determines whether permanent restriction is appropriate.  However, because the documents underlying the second Motion [#93] and the third Motion [#98] are materially the same, the Court applies Plaintiffs' arguments presented in Response [#112] to both the second Motion [#93] and the third Motion [#98].

The Court has had to spend an inordinate amount of time sorting through the restriction issues in this case for a variety of reasons, including determining precisely which documents filed as restricted are actually at issue in the five present Motions, determining which documents filed under restriction have publicly available versions already on the docket, and which restricted documents relate to which separately filed redacted (or unredacted) documents.  Regarding some issues or documents, the briefs are clear as to what is at issue, but regarding many other issues and documents, they are not.  Nevertheless, given the public interest concerning the restriction of court documents, the Court has done its utmost in its attempts to decipher the docket in general and Defendant's Motions in particular.  The Court addresses each of the sixty-six documents separately as follows.

(1)  Docket #85: Plaintiff's Opposition to Motion for Sanctions [#85].  The public version is available at Docket #84, with redactions on pages 4-5.  No restriction request was filed as to Docket #85,[1] and therefore the Court will

---

[1]  The Court notes that Docket #85 and its attached exhibits were filed on February 1, 2023.  The first Motion [#90] was filed on February 23, 2023.  The first Motion [#90] discusses the restricted document and attached exhibits filed at Docket #87 on February 9, 2023.  Even if the first Motion [#90] could somehow liberally be construed to apply to the brief and exhibits at Docket #85, the request would be untimely under D.C.COLO.LCivR 7.2(e), which requires a motion to restrict to be filed within fourteen days of the filing of the restricted documents.

order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(2)   Docket #85-1: Ex. 1, July 31, 2021 Electronic Engagement Letter between Lloyd & Mousilli Attorneys at Law and Jennifer Pickering on behalf of Pentatherm.  The public version is available at Docket #84-1 but is simply a page with the word "REDACTED."   No restriction request was filed as to Docket #85-1, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(3)   Docket #85-2: Ex. 2, Jan. 5, 2023 Letter from Lema Barazi to John Frawley.  The public version is available at Docket #84-2, without restriction or redaction.  No restriction request was filed as to Docket #85-2, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(4)   Docket #85-3: Ex. 3, Aug. 3, 2021 Email Chain between Megan Matthees, Neil Peterson, Jennifer Pickering, and David George (copying Feras Mousilli, Shivani Gupta, and James Egan).  The public version is available at Docket #84-3 but is simply a page with the word "REDACTED."  No restriction request was filed as to Docket #85-3, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(5)   Docket #85-4: Ex. 4, Aug. 3, 2021 Email Chain between Megan Matthees, Jennifer Pickering, Neil Peterson, and David George (copying Feras Mousilli, Shivani Gupta, and James Egan).  The public version is available at Docket

#84-4 but is simply a page with the word "REDACTED." No restriction request was filed as to Docket #85-4, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(6) Docket #85-5: Ex. 5, Aug. 9, 2021 Certificate of Incorporation of Pentatherm Inc. in the State of Delaware. The public version is available at Docket #84-5, without restriction or redaction. No restriction request was filed as to Docket #85-5, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(7) Docket #85-6: Ex. 6, July 7-14, 2021 Email Chain between Megan Matthees, Neil Peterson, and Jennifer Pickering (copying Charlotte Pestano, David George, and Feras Mousilli). The public version is available at Docket #84-6 but is simply a page with the word "REDACTED." No restriction request was filed as to Docket #85-6, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(8) Docket #85-7: Ex. 7, July 13, 2021 Pentatherm Governance & Founders Equity Structure, Initial Draft to Send to Corporate Lawyer. The public version is available at Docket #84-7 but is simply a page with the word "REDACTED." No restriction request was filed as to Docket #85-7, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(9)   Docket #85-8: Ex. 8, July 6, 2021 Email from Neil Peterson to admin@lloyd mousilli.com.  The public version is available at Docket #84-8 but is simply a page with the word "REDACTED."   No restriction request was filed as to Docket #85-8, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(10)  Docket #85-9: Ex. 9, Nov. 17-29, 2021 Email Chain between Megan Matthees, Fera Mousilli, Neil Peterson, Jennifer Pickering, and David George.  The public version is available at Docket #84-9 but is simply a page with the word "REDACTED."  No restriction request was filed as to Docket #85-9, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(11)  Docket #85-10: Ex. 10, Deposition of David George.  The public version is available at Docket #84-10 but is simply a page with the word "REDACTED." No restriction request was filed as to Docket #85-10, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(12)  Docket #85-11: Ex. 11, Deposition of Jennifer Pickering.  The public version is available at Docket #84-11 but is simply a page with the word "REDACTED."   No restriction request was filed as to Docket #85-11, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(13)  Docket #85-12: Ex. 12, Defendant's Privilege Log.   The public version is available at Docket #84-12, without restriction or redaction.   No restriction

request was filed as to Docket #85-12, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(14) Docket #85-13: Ex. 13, Dec. 23, 2022 Letter from John Frawley to Lema Barazi. The public version is available at Docket #84-13, without restriction or redaction. No restriction request was filed as to Docket #85-13, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(15) Docket #85-14: Ex. 14, Dec. 24, 2022-Jan. 5, 2023 Email Chain between Rachel Crockett, John Frawley, Joshua Lax, and Lema Barazi (copying Greg Gutzler). The public version is available at Docket #84-14, without restriction or redaction. No restriction request was filed as to Docket #85-14, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(16) Docket #85-15: Ex. 15, Sept. 28-Oct. 6, 2022 Email Chain between Joshua Lax, Rachel Crockett, Greg Gutzler, and Lema Barazi  (copying Mark Hamill, Marlene Campbell, and "Litigation"). The public version is available at Docket #84-15, without restriction or redaction. No restriction request was filed as to Docket #85-15, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(17) Docket #85-16: Jan. 4, 2023 Email from Joshua Lax to Lema Barazi (copying Marlene Campbell, Rachel Crockett, "Litigation," Greg Gutzler, and John Frawley). The public version is available at Docket #84-16, without restriction

or redaction.   No restriction request was filed as to Docket #85-16, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(18) Docket #85-17: Ex. 17, Dec. 30, 2022-Jan. 30, 2023 Email Chain between Lema Barazi, Jacob Hollars, John Frawley, Greg Gutzler, Mark Hamill, and Joshua Lax (copying "Litigation," Rachel Crockett, and Feras Mousilli).   The public version is available at Docket #84-17, without restriction or redaction. No restriction request was filed as to Docket #85-17, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(19) Docket #85-18: Ex. 18, Dec. 20, 2022 Email from John Frawley to Lema Barazi (copying Rachel Crockett, Greg Gutzler, and Joshua Lax), with attached Dec. 20, 2022 Letter from Joshua Lax to Lema Barazi and Subpoena to David George.   The public version is available at Docket #84-18, without restriction or redaction.   No restriction request was filed as to Docket #85-18, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(20) Docket #87: Plaintiffs' Motion to Disqualify Defendant's Counsel.   The public version is available at Docket #86, with redactions on pages 2-5 and 10. Defendant's first Motion [#90] identifies Docket #87 for restriction given the references to Plaintiffs' Exhibit 3 [#87-3], Exhibit 7 [#87-7], Exhibit 8 [#87-8], Exhibit 10 [#87-9], Exhibit 11 [#87-11], Exhibit 12 [#87-12], and Exhibit 13 [#87-13].   *See Motion* [#90] at 2.   Defendant does not explicitly state in the

first Motion [#90] the level of restriction she seeks, but Docket #87 was filed by Plaintiffs under a Level 1 restriction.[1]  Based on the Court's rulings below in this Order, only references in Docket #87 from Docket #87-3 may continue to be redacted.  Thus, the Court will order the Clerk of Court to retain all restriction on Docket #87 and order Plaintiffs to file a version of Docket #87 which redacts only the material cited from Docket #87-3.

(21) Docket #87-1: Ex. 1, June 22-25, 2021 Email Chain Between Frankie Arvelo, Jennifer Pickering (copying Neil Peterson, and David George).  The public version is available at Docket #86-1 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-1 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-1 was filed by Plaintiffs under a Level 1 restriction.  As best the Court can ascertain, there is no other copy of this document located on the electronic docket.  Based on the Court's rulings below in this Order, the Clerk of Court will be directed to retain a Level 1 restriction on Docket #87-1.

(22) Docket #87-2: Ex. 2, June 29, 2021 Unsigned Engagement Letter Between Neil Peterson of Pentatherm, LLC and Frankie Arvelo of Arvelo, PLLC.  The public version is available at Docket #86-2 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-2 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the

---

[1] Level 1, the least restrictive, limits access to the documents to the parties and the Court. *See* D.C.COLO.LCivR 7.2.

first Motion [#90] the level of restriction she seeks, but Docket #87-2 was filed by Plaintiffs under a Level 1 restriction.  As best the Court can ascertain, there is no other copy of this document located on the electronic docket.  Based on the Court's rulings below in this Order, the Clerk of Court will be directed to retain a Level 1 restriction on Docket #87-2.

(23)  Docket #87-3: Ex. 3, June 28-29, 2021 Email Chain Between Jennifer Pickering, Frankie Arvelo, and Neil Peterson (copying David George).  The public version is available at Docket #86-3 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-3 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-3 was filed by Plaintiffs under a Level 1 restriction.  As best the Court can ascertain, there is no other copy of this document located on the electronic docket.  Based on the Court's rulings below in this Order, the Clerk of Court will be directed to retain a Level 1 restriction on Docket #87-3.

(24)  Docket #87-4: Ex. 4, June 28-July 2, 2021 Email Chain Between Frankie Arvelo, Jennifer Pickering, and Neil Peterson (copying David George).  The public version is available at Docket #86-4 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-4 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-4 was filed by Plaintiffs under a Level 1 restriction.  As best the Court can ascertain, there is no other copy of this document located on the electronic docket.  Based on

the Court's rulings below in this Order, the Clerk of Court will be directed to retain a Level 1 restriction on Docket #87-4.

(25) Docket #87-5: Ex. 5, July 13, 2021 Engagement Letter Between Jennifer Pickering of Pentatherm and Feras Mousilli of Lloyd & Mousilli.  The public version is available at Docket #86-5 but is simply a page with the word "REDACTED."   Defendant's first Motion [#90] identifies Docket #87-5 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-5 was filed by Plaintiffs under a Level 1 restriction.  As best the Court can ascertain, there is no other copy of this document located on the electronic docket.  Based on the Court's rulings below in this Order, the Clerk of Court will be directed to retain a Level 1 restriction on Docket #87-5.

(26) Docket #87-6: Ex. 6, Jan. 5, 2023 Letter from Lema Barazi to John Frawley.  The public version is available at Docket #86-6, without restriction or redaction.  No restriction request was filed as to Docket #87-6, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(27) Docket #87-7: Ex. 7, Aug. 3, 2021 9:49 a.m. Email Chain Between Neil Peterson, Megan Matthees, Jennifer Pickering, and David George (copying Feras Mousilli, Shivani Gupta, and James Egan).  The public version is available at Docket #86-7 but is simply a page with the word "REDACTED." Defendant's first Motion [#90] identifies Docket #87-7 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90]

the level of restriction she seeks, but Docket #87-7 was filed by Plaintiffs under a Level 1 restriction.  This document is the same as Docket #85-3, discussed at (4) above.  Because Docket #85-3 must be unrestricted, the Court finds that Docket #87-7 must also be unrestricted given that the document will already be available publicly.  Therefore, the Court will order the Clerk of Court to remove all restriction from Docket #87-7.

(28)  Docket #87-8: Ex. 8, Aug. 3, 2021 10:49 a.m. Email Chain Between Jennifer Pickering, Megan Matthees, Neil Peterson, and David George (copying Feras Mousilli, Shivani Gupta, and James Egan).  The public version is available at Docket #86-8 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-8 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-8 was filed by Plaintiffs under a Level 1 restriction.  This document is the same as Docket #85-4, discussed at (5) above.  Because Docket #85-4 must be unrestricted, the Court finds that Docket #87-8 must also be unrestricted given that the document will already be available publicly.  Therefore, the Court will order the Clerk of Court to remove all restriction from Docket #87-8.

(29)  Docket #87-9: Ex. 9, Aug. 9, 2021 Certificate of Incorporation of Pentatherm Inc.  The public version is available at Docket #86-9, without restriction or redaction.  No restriction request was filed as to Docket #87-9, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(30)  Docket #87-10: Ex. 10, Deposition of Jennifer Pickering.  The public version is available at Docket #86-10 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-10 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-10 was filed by Plaintiffs under a Level 1 restriction.  This document is the same as Docket #85-11, discussed at (12) above.  Because Docket #85-11 must be unrestricted, the Court finds that Docket #87-10 must also be unrestricted given that the document will already be available publicly.  Therefore, the Court will order the Clerk of Court to remove all restriction from Docket #87-10.

(31)  Docket #87-11: Ex. 11, July 7-14, 2021 Email Chain Between Megan Matthees, Neil Peterson, Jennifer Pickering, and David George (copying Feras Mousilli and Charlotte Pestano).  The public version is available at Docket #86-11 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-11 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-11 was filed by Plaintiffs under a Level 1 restriction.  This document is the same as Docket #85-6, discussed at (7) above.  Because Docket #85-6 must be unrestricted, the Court finds that Docket #87-11 must also be unrestricted given that the document will already be available publicly.  Therefore, the Court will order the Clerk of Court to remove all restriction from Docket #87-11.

(32) Docket #87-12: Ex. 12, July 13, 2021 Pentatherm Governance & Founders Equity Structure.  The public version is available at Docket #86-12 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-12 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-12 was filed by Plaintiffs under a Level 1 restriction.  This document is the same as Docket #85-7, discussed at (8) above.  Because Docket #85-7 must be unrestricted, the Court finds that Docket #87-11 must also be unrestricted given that the document will already be available publicly.  Therefore, the Court will order the Clerk of Court to remove all restriction from Docket #87-12.

(33) Docket #87-13: Ex. 13, July 6, 2021 Email from Neil Peterson to admin@lloydmousilli.com.  The public version is available at Docket #86-13 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-13 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-13 was filed by Plaintiffs under a Level 1 restriction.  This document is the same as Docket #85-8, discussed at (9) above.  Because Docket #85-8 must be unrestricted, the Court finds that Docket #87-13 must also be unrestricted given that the document will already be available publicly.  Therefore, the Court will order the Clerk of Court to remove all restriction from Docket #87-13.

(34) Docket #87-14: Ex. 14, Nov. 17, 2021 Email Chain Between Megan Matthees, Jennifer Pickering, David George, and Neil Peterson (copying Feras Mousilli).  The public version is available at Docket #86-14 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-14 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-14 was filed by Plaintiffs under a Level 1 restriction.  This document is the same as Docket #85-9, discussed at (10) above.  Because Docket #85-9 must be unrestricted, the Court finds that Docket #87-14 must also be unrestricted, given that the document will already be available publicly.  Therefore, the Court will order the Clerk of Court to remove all restriction from Docket #87-14.

(35) Docket #87-15: Ex. 15, Deposition of David George.  The public version is available at Docket #86-15 but is simply a page with the word "REDACTED."  Defendant's first Motion [#90] identifies Docket #87-15 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-15 was filed by Plaintiffs under a Level 1 restriction.  This document is the same as Docket #85-10, discussed at (11) above.  Because Docket #85-10 must be unrestricted, the Court finds that Docket #87-15 must also be unrestricted, given that the document will already be available publicly.  Therefore, the Court will order the Clerk of Court to remove all restriction from Docket #87-15.

(36) Docket #87-16: Ex. 16, Deposition of Neil Peterson.  The public version is available at Docket #86-16 but is simply a page with the word "REDACTED." Defendant's first Motion [#90] identifies Docket #87-16 for restriction.  *See Motion* [#90] at 2.  Defendant does not explicitly state in the first Motion [#90] the level of restriction she seeks, but Docket #87-16 was filed by Plaintiffs under a Level 1 restriction.  As best the Court can ascertain, there is no other copy of this document located on the electronic docket.  However, the first Motion [#90] seeking restriction does no more than mention this exhibit in its list of documents for which Defendant seeks restriction.  *See* [#90] at 2. Defendant does not mention the exhibit again, either by number or name, explicitly or implicitly.  There is no indication in the first Motion [#90] which parts of the deposition are purportedly protected by the attorney-client privilege or by any other ground for restriction.  In addition, none of the redacted portions of the underlying briefs cite this exhibit.  *Compare Motion to Disqualify* [#86] at 2-5, 10 (redacted) *with Motion to Disqualify* [#87] at 2-5, 10 (unredacted).  Thus, in the absence of any cognizable argument regarding why this exhibit should be restricted, the Court will order the Clerk of Court to remove all restriction from Docket #87-16.

(37) Docket #95: Defendant's Response to Motion to Disqualify and Request to Disqualify Plaintiffs' Counsel.  The public version is available at Docket #94, with redactions on pages 10-12.  Defendant's second Motion [#93] identifies Docket #95 for restriction given the references to Defendant's Exhibit A [#95-1] and Exhibit B [#95-2] as well as Plaintiffs' Exhibit 5 [#87-5], Exhibit 8 [#87-

8], Exhibit 10 [#87-10], Exhibit 11 [#87-11], Exhibit 12 [#87-12], and Exhibit 13 [#87-13].  *See Motion* [#93] at 6, 7.  Based on the Court's rulings above and below in this Order, only references in Docket #95 to Docket #87-5 may continue to be redacted.  Thus, the Court will order the Clerk of Court to retain all restriction on Docket #95 and order Defendant to file a version of Docket #95 which redacts only the material cited from Docket #87-5.

(38) Docket #95-1: Ex. A, Apr. 26, 2022 Affidavit of Defendant.  The public version is available at Docket #94-1, without restriction or redaction.  The second Motion [#93] provides *some* indication that Defendant is seeking restriction of this document.  Defendant refers to "the redacted communications in Defendants Response to the Motion to Disqualify," which in part cite Exhibit A.  *See* [#94] at 10.  However, nowhere in the second Motion [#93] is Exhibit A clearly identified as a document which Plaintiff is seeking to have restricted, which would be a violation of the notice provision of the Local Rule, as discussed above.  Further, as noted, this document was filed at Docket #94-1 without restriction or redaction, indicating that Plaintiff does not actually seek to have this document restricted.  For these reasons, the Court finds that no clear request was filed as to Docket #95-1, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(39) Docket #95-2: Ex. B, Mar. 2, 2023 Unsworn Declaration of David George.  The public version is available at Docket #94-1, without restriction or redaction.  The second Motion [#93] provides *some* indication that Defendant

is seeking restriction of this document.  Defendant refers to "the redacted communications in Defendants Response to the Motion to Disqualify," which in part cite Exhibit B.  *See* [#94] at 10.  However, nowhere in the second Motion [#93] is Exhibit B clearly identified as a document which Plaintiff is seeking to have restricted, which would be a violation of the notice provision of the Local Rule, as discussed above.  Further, as noted, this document was filed at Docket #94-2 without restriction of redaction, indicating that Plaintiff does not actually seek to have this document restricted.  For these reasons, the Court finds that no clear request was filed as to Docket #95-2, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(40)  Docket #95-3: Ex. C, Mar. 21, 2022 Affidavit of Defendant.  The public version is available at Docket #94-3, without restriction or redaction.  No clear restriction request was filed as to Docket #95-3, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(41)  Docket #95-4: Ex. D, Mar. 21, 2022 Affidavit of David George.  The public version is available at Docket #94-4, without restriction or redaction.  No clear restriction request was filed as to Docket #95-4, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(42)  Docket #95-5: Ex. E, Feb. 28, 2023 Letter from Lema Barazi to Pls. Counsel.  The public version is available at Docket #94-5, without restriction or

redaction.   No clear restriction request was filed as to Docket #95-5, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(43) Docket #95-6: Proposed Order.   The public version is available at Docket #94-6, without restriction or redaction.   No clear restriction request was filed as to Docket #95-6, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(44) Docket #99: Defendant's Amended Response to Motion to Disqualify and Request to Disqualify Plaintiffs' Counsel.   The public version is available at Docket #105, with redactions on pages 9-11.   Defendant's third Motion [#98] identifies Docket #99 for restriction.   The only redaction in Docket #99 which is based on a restricted document which the Court is permitting to remain restricted, for reasons provided above in this Order, is with respect to Docket #87-5.   *See generally* [#99] at 9-11.   Plaintiff seeks a Level 3 restriction on Docket #99.   *See* [#98] at 7.   However, she has not clearly identified why a Level 3 restriction, which restricts access to the document by the Court only, is appropriate here.   As the Court is permitting a Level 1 restriction on #87-5, no higher restriction level is required here.   Thus, the Court will order Docket #99 to be restricted at Level 1 and require Defendant to file a redacted version of #99 which only redacts the information coming from Docket #87-5.

(45) Docket #99-1: Ex. A, Apr. 26, 2022 Affidavit of Defendant.  The public version is available at Docket #105-2, without restriction or redaction.   For the same

reasons discussed at (38) above in connection with Docket #95-1, which is the same document as Docket #99-1, the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(46) Docket #99-2: Ex. B, Mar. 2, 2023 Unsworn Declaration of David George. The public version is available at Docket #105-3, without restriction or redaction. For the same reasons discussed at (39) above in connection with Docket #95-2, which is the same document as Docket #99-2, the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(47) Docket #99-3: Ex. C, Mar. 21, 2022 Affidavit of Defendant. The public version is available at Docket #105-4, without restriction or redaction. No clear restriction request was filed as to Docket #99-3, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(48) Docket #99-4: Ex. D, Mar. 21, 2022 Affidavit of David George. The public version is available at Docket #105-5, without restriction or redaction. No clear restriction request was filed as to Docket #99-4, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(49) Docket #99-5: Ex. E, Feb. 28, 2023 Letter from Lema Barazi to Plaintiffs' Counsel. The public version is available at Docket #105-6, without restriction or redaction. No clear restriction request was filed as to Docket #99-5, and

therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(50) Docket #99-6: Proposed Order.   The public version is available at Docket #105-1, without restriction or redaction.   No clear restriction request was filed as to Docket #99-6, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(51) Docket #100: Defendant's Amended Response to Motion to Disqualify and Request to Disqualify Pls.' Counsel.   This version has redactions in place already, which are identical to those redactions in the public version available at Docket #105, with redactions on pages 9-11.   Defendant's fourth Motion [#104] identifies Docket #100 for restriction.   *See Motion* [#104] at 2. Defendant states in the fourth Motion [#104] that the "attempted redactions did not fully scrub the text behind the blacked-out markings which enable[ ] the public to copy and paste the verbiage into a readable format." *Id.*   The Court has compared the version of Docket #100 with the public version located at Docket #105 and finds that the redactions in each document are identical.    Therefore, given the technological concern regarding the readability of the redacted statements, the Court will permit #100 to remain at a Level 1 restriction.

(52) Docket #100-1: Ex. A, Apr. 26, 2022 Affidavit of Defendant.   The public version is available at Docket #105-2, without restriction or redaction.   No restriction request was filed as to Docket #100-1, and therefore the Court will

order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(53)  Docket #100-2: Ex. B, Mar. 2, 2023 Unsworn Declaration of David George. The public version is available at Docket #105-3, without restriction or redaction.  No restriction request was filed as to Docket #100-2, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(54)  Docket #100-3: Ex. C, Mar. 21, 2022 Affidavit of Defendant.  The public version is available at Docket #105-4, without restriction or redaction.  No clear restriction request was filed as to Docket #100-3, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(55)  Docket #100-4: Ex. D, Mar. 21, 2022 Affidavit of David George.  The public version is available at Docket #105-5, without restriction or redaction.  No clear restriction request was filed as to Docket #100-4, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(56)  Docket #100-5: Ex. E, Feb. 28, 2023 Letter from Lema Barazi to Plaintiffs' Counsel.  The public version is available at Docket #105-6, without restriction or redaction.  No clear restriction request was filed as to Docket #100-5, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(57) Docket #100-6: Proposed Order.  The public version is available at Docket #105-1, without restriction or redaction.  No clear restriction request was filed as to Docket #100-6, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(58) Docket #108: Plaintiffs' Response in Opposition to Motion to Restrict.  The public version is available at Docket #107, with redactions on pages 5-6, 9-11.  No restriction request was filed as to Docket #108,[2] and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(59) Docket #108-1: Ex. 1, Feb. 23, 2023 Email from John Frawley to Marlene Campbell.  The public version is available at Docket #107-1, without restriction or redaction.  No restriction request was filed as to Docket #108-1, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(60) Docket #108-2: Ex. 2, Aug. 3, 2021 Email Chain Between Megan Matthees and Neil Pickering (copying Jennifer Pickering and David George).  The public version is available at Docket #107-2 but is simply a page with the word "REDACTED."  No restriction request was filed as to Docket #108-2, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

---

[2] The Court notes that Docket #108 and its attached exhibits were filed on March 14, 2023, and none of the present Motions seeking restriction were filed contemporaneously with or within fourteen days of the filing of the restricted documents.

(61) Docket #108-3: Ex. 3, Aug. 9, 2021 Email from Jennifer Pickering to Megan Matthees (copying Neil Peterson and David George).  The public version is available at Docket #107-3 but is simply a page with the word "REDACTED." No restriction request was filed as to Docket #108-3, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(62) Docket #111: Plaintiffs' Reply in Support of Motion to Disqualify.  The public version is available at Docket #111, with redactions on pages 3-5.  No clear restriction request was filed as to Docket #111, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(63) Docket #111-1: Ex. 1, Dec. 22, 2021 Petition and Feb. 15, 2022 Citation re: Texas Litigation.  The public version is available at Docket #110-1, without restriction or redaction.  No restriction request was filed as to Docket #111-1, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(64) Docket #113: Plaintiffs' Response in Opposition to Motion to Restrict.  The public version is available at Docket #112, with redactions on pages 5-6 and 8-9.  Defendant's fifth Motion [#115] identifies Docket #113 for restriction given the references to Docket Nos. #87-1, #87-3, #87-10, #87-11, #87-12, #87-13, #100, #108-2. #108-3.  *See Motion* [#115] at 7; [#112] at 5-6, 8-9.  Defendant seeks a Level 3 restriction on Docket #113.  *See id.*  Based on the Court's findings above regarding the exhibits underlying the restriction

request, Docket #113 will remain under restriction at Level 1 and Plaintiffs will be ordered to file a public version of #113 which redacts only that information coming from Docket #87-1 and #87-3.

(65) Docket #122: Plaintiffs' Response in Opposition to Defendant's Motion to Show Authority.  The public version is available at Docket #121, with redactions on pages 3-4.  No contemporaneous or subsequent restriction request was filed as to Docket #122, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

(66) Docket #124: Plaintiffs' Response in Opposition to Motion to Restrict.  The public version is available at Docket #123, with redactions on pages 5-6 and 8-11.  No contemporaneous or subsequent restriction request was filed as to Docket #124, and therefore the Court will order the Clerk of Court to remove all restriction from this document pursuant to D.C.COLO.LCivR 7.2(e).

At steps two, three, and four of the restriction test, Defendant asserts that the identified redacted statements consist of attorney-client privileged communications. *Motion* [#90] at 2-3.  Based on the foregoing discussion, five documents (not including the briefs which cite to them) remain at issue in connection with Defendant's attorney-client privilege arguments: (1) Docket #87-1: Ex. 1, June 22-25, 2021 Email Chain Between Frankie Arvelo, Jennifer Pickering (copying Neil Peterson, and David George); (2) Docket #87-2: Ex. 2, June 29, 2021 Unsigned Engagement Letter Between Neil Peterson of Pentatherm, LLC and Frankie Arvelo of Arvelo, PLLC; (3) Docket #87-3: Ex. 3, June 28-29, 2021 Email Chain Between Jennifer Pickering, Frankie Arvelo, and Neil

Peterson (copying David George); (4) Docket #87-4: Ex. 4, June 28-July 2, 2021 Email Chain Between Frankie Arvelo, Jennifer Pickering, and Neil Peterson (copying David George); and (5) Docket #87-5: Ex. 5, July 13, 2021 Engagement Letter Between Jennifer Pickering of Pentatherm and Feras Mousilli of Lloyd & Mousilli.   All five of these documents are addressed in Defendant's first Motion [#90] and Plaintiffs' Response [#107] thereto.   Plaintiffs do not contest Defendant's characterization that these documents are protected by the attorney-client privilege. *Response* [#107] at 1 (asserting that Plaintiff Pentatherm LLC holds the privilege).  However, the parties hotly dispute *who* holds the privilege and who can waive that privilege. *See, e.g.*, *Motion* [#90] at 2, 4-5; *Response* [#107 ] at 1 (stating that Defendant "claims that Pentatherm LLC does not hold the privilege for the documents at issue because Pentatherm Inc.—a separate entity—is the true holder of the privilege").

Five persons are associated with some or all of these documents.  Frankie Arvelo is an attorney with Arvelo, PLLC.  Feras Mousilli is an attorney with Lloyd & Mousilli.  Neil Peterson is one of the two Plaintiffs in this case.  Jennifer Pickering is the sole Defendant in this case and a geologist whom Plaintiffs assert was hired to assist with Plaintiff Pentatherm LLC's work and whom Defendant asserts was a member of the LLC. *Compl.* [#1] ¶ 21; *Motion* [#90] at 2 (stating that "Mrs. Pickering . . . [is] also [a] member[ ] of the LLC").  Similarly, David George is an engineer whom Plaintiffs assert was hired to assist with Plaintiff Pentatherm LLC's work and whom Defendant asserts was a member of the LLC. *Compl.* [#1] ¶ 21; *Motion* [#90] at 2 (stating that "David George [is] also [a] member[ ] of the LLC").

The membership of Pentatherm LLC is a core issue in this litigation. *See, e.g.*, *Compl.* [#1] ¶¶ 47-53. Plaintiff Neil Peterson asserts that he is the sole member of the LLC. *See, e.g.*, *id.* ¶ 53. Defendant Jennifer Pickering denies this allegation. *See, e.g.*, *Answer* [#143] at 6 ¶ 53. Many of Plaintiffs' claims directly hinge on whether Defendant Jennifer Pickering and non-party David George are members of the LLC. *See Compl.* [#1] ¶¶ 21, 54-106. Plaintiffs state that, because Plaintiff Peterson is the sole member of the LLC, he can waive the attorney-client privilege. Defendant Pickering states that, because she and David George are also members of the LLC, Plaintiff Peterson cannot unilaterally waive the privilege. *Motion* [#90] at 4. In support, she cites Colo. Rev. Stat. § 7-80-401(1), which provides that (with limited inapplicable exceptions): "decisions with respect to a limited liability company shall be made by a majority of the members or, if the limited liability company has one or more managers, by a majority of the managers." *See id.* Thus, Defendant asserts that Plaintiff Peterson needs the consent of either Defendant or David George in order to waive the LLC's attorney-client privilege, neither of which Plaintiff Peterson purportedly has. *Id.*

Having thoroughly read the five Motions and the four Responses submitted by the parties in connection with these issues, the Court is left with the inescapable conclusion that there is a material factual dispute regarding who is and who is not a member of the LLC, and therefore who may or who may not waive the attorney-client privilege. As noted, this is a core issue in the litigation, which makes it exceedingly inappropriate to determine in the context of motions seeking restrictions of documents on the electronic docket. As the parties are in agreement that the five remaining documents at issue contain attorney-client privileged information (a conclusion which the Court finds no reason to question),

and in the absence of any objections to restriction filed by any non-parties to this litigation, the Court finds that the best way to handle the restriction requests at this time is to preserve the confidentiality of the alleged attorney-client communications.   However, depending on final resolution of the LLC membership issue, any party may seek to have these documents fully unrestricted on the electronic docket at a later time.

Accordingly,

IT IS HEREBY **ORDERED** that the first Motion [#90] is **GRANTED in part and DENIED in part**.  The Motion is **granted** with respect to Docket #87, #87-1, #87-2, #87-3, #87-4, and #87-5.  The Motion is otherwise **denied**.

IT IS FURTHER **ORDERED** that the second Motion [#93] is **GRANTED in part and DENIED in part**.  The Motion is **granted** with respect to Docket #95.  The Motion is otherwise **denied**.

IT IS FURTHER **ORDERED** that the third Motion [#98] is **GRANTED in part and DENIED in part**.  The Motion is **granted** with respect to Docket #99.  The Motion is otherwise **denied.**

IT IS FURTHER **ORDERED** that the fourth Motion [#104] is **GRANTED in part and DENIED in part**.  The Motion is **granted** with respect to Docket #100.  The Motion is otherwise **denied**.

IT IS FURTHER **ORDERED** that the fifth Motion [#115] is **GRANTED in part and DENIED in part**.  The Motion is **granted** with respect to Docket #113.  The Motion is otherwise **denied**.

Based on these rulings,

IT IS FURTHER **ORDERED** that, **no later than July 19, 2023**, Plaintiffs shall file a Notice of Redacted Documents which attaches a version of #87 which redacts **only** those statements from Docket #87-3, and further attaches a version of Docket #113 which redacts **only** those statements from Docket #87-1 and #87-3.

IT IS FURTHER **ORDERED** that, **no later than July 19, 2023**, Defendant shall file a Notice of Redacted Documents which attaches a version of Docket #95 which redacts **only** those statements from Docket #87-5, and further attaches a version of Docket #99 which redacts **only** those statements from Docket #87-5.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain the following documents **UNDER RESTRICTION** at **LEVEL 1**:

(1)    [#87];

(2)    [#87-1];

(3)    [#87-2];

(4)    [#87-3];

(5)    [#87-4];

(6)    [#87-5];

(7)    [#95];

(8)    [#99];

(9)    [#100]; and

(10)   [#113].

IT IS FURTHER **ORDERED** that the Clerk of Court shall **REMOVE** all restriction from the following documents:

(1)    [#85];

(2)     [#85-1];

(3)     [#85-2];

(4)     [#85-3];

(5)     [#85-4];

(6)     [#85-5];

(7)     [#85-6];

(8)     [#85-7];

(9)     [#85-8];

(10)    [#85-9];

(11)    [#85-10];

(12)    [#85-11];

(13)    [#85-12];

(14)    [#85-13];

(15)    [#85-14];

(16)    [#85-15];

(17)    [#85-16];

(18)    [#85-17];

(19)    [#85-18];

(20)    [#87-6];

(21)    [#87-7];

(22)    [#87-8];

(23)    [#87-9];

(24)    [#87-10];

(25)    [#87-11];

(26)    [#87-12];

(27)    [#87-13];

(28)    [#87-14];

(29)    [#87-15];

(30)    [#87-16];

(31)    [#95-1];

(32)    [#95-2];

(33)    [#95-3];

(34)    [#95-4];

(35)    [#95-5];

(36)    [#95-6];

(37)    [#99-1];

(38)    [#99-2];

(39)    [#99-3];

(40)    [#99-4];

(41)    [#99-5];

(42)    [#99-6];

(43)    [#100-1];

(44)    [#100-2];

(45)    [#100-3];

(46)    [#100-4];

(47)    [#100-5];

(48)    [#100-6];

(49)    [#108];

(50)    [#108-1];

(51)    [#108-2];

(52)    [#108-3];

(53)    [#111];

(54)    [#111-1];

(55)    [#122]; and

(56)    [#124].


Dated: July 11, 2023


BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge