IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00320-WJM-KLM

NEIL PETERSON, and
PENTATHERM LLC,

      Plaintiffs,

v.

JENNIFER PICKERING,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant's **Motion for Attorneys' Fees** [#137] (the "Motion").  Plaintiffs filed a Response [#144] in opposition to the Motion [#137].  No Reply was filed.  The Court has reviewed the Motion, the Response, the case record, and the applicable law, and is fully advised in the premises.  For the reasons set forth below, the Motion [#137] is **GRANTED in part**.

      On May 1, 2023, the Court issued an Order [#127] granting in part Defendant's motion seeking sanctions, to the extent that monetary sanctions were imposed on Plaintiffs' Attorney Joshua Lax in an amount to be determined by separate motion, the one presently at issue.  *See* [#137].  The Court required Defendant's Motion [#137] to comply with D.C.COLO.LCivR 54.3 and warned that Defendant must be specific with respect to her fee request, as the Court would not award any fees which are not clearly directly related to the underlying sanctionable conduct, i.e., the Court would only award

fees relating to the subpoena and preparation of the sanctions motion.  *Order* [#127] at 7.

At the outset, the Court notes that Plaintiffs in their Response [#144] ask the Court to delay ruling on the present Motion [#137] regarding the amount of fees to be awarded until after the Senior Judge has resolved their Objection [#138] to the underlying Order [#127] imposing sanctions.  However, given the Court's intimate knowledge of the underlying dispute and rapidly approaching retirement date, the Court finds it appropriate to issue a ruling on the present Motion [#137] but to delay any payment of fees until after the Senior Judge has adjudicated the Objection [#138].

Among other requirements, the Court ordered Plaintiffs to comply with D.C.COLO.LCivR 54.3 regarding the request for attorney fees.  *Order* [#127] at 7.  That Local Rule provides:

> (a) Motion Supported by Affidavit.  Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit.  (b) Content of Motion.  The motion shall include the following for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.

To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983).  *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002).  A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate.  *Hensley*, 641 U.S. at 433.  To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment.  *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks

omitted).  Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed.  *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."  *Case*, 157 F.3d at 1250.  "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice.  *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (overruled on other grounds by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).  The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment.  *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").  Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.

Attorney Lema Barazi ("Barazi") is a Litigation Partner at Lloyd & Mousilli, PLLC and has been licensed to practice law since 2006.  *Decl. of Barazi* [#137-1] ¶ 2.  Her hourly rate in this case is $475.00.  *Id.* ¶ 7.  Attorney Rachel Crockett ("Crockett") is an Associate Attorney with Lloyd & Mousilli, PLLC and has been licensed to practice since

2009.  *Id.*  Her hourly rate in this case is $350.00.  *Id.*  Their paralegal Marlene Campbell ("Campbell") has an hourly rate of $150.00, and their paralegal Andrew Cepeda ("Cepeda") has an hourly rate of $125.00.  *Id.*   *Ex. 1, Billing Entries* [#137-2] at 1-2.

As noted, D.C.COLO.LCivR 54.3 requires a motion seeking fees to include "for each person for whom fees are claims: (1) a summary of relevant qualifications and experience . . . ."  Defendant provides *no* information about the qualifications and experience of either Ms. Campbell or Mr. Cepeda, in violation of the Local Rule.  Further, Defendant provides *no* information which creates a foundation on which the Court may determine whether the hourly rates charged for work done by Ms. Campbell and Mr. Cepeda are reasonable.  Thus, the Court must deny the Motion [#137] to the extent fees are sought on their behalf.

Regarding Ms. Barazi and Ms. Crockett, they have provided the absolute bare minimum required by the Local Rule regarding their qualifications and experience, and they have provided no information which creates a foundation on which the Court may determine whether their hourly rates are reasonable.  Nevertheless, the Court looks to the Colorado Bar Association 2017 Economic Survey ("Survey"), which is the most recent available, showing that, as of 2017, statewide hourly billing rates in the field of civil/commercial litigation ranged from a median of $300 per hour to $473 in the 75th percentile.  *See Seeley Int'l Pty Ltd. v. Maisotsenko*, No. 21-cv-01350-CMA-KLM, 2023 WL 3974442, at *3 (D. Colo. May 9, 2023).  Hourly rates charged by many attorneys in the Denver metropolitan area have increased during the years since the Survey was issued.  Given the complexity of the case and the expertise needed; the professional standing, reputation, ability, and experience of the attorneys involved in this action; the

skill, time and labor involved; the results obtained; and the findings of the now slightly-outdated 2017 Survey, the Court finds that the hourly rates charged by Ms. Barazi and Ms. Crockett are reasonable.

Turning to the number of hours spent in connection with the subpoena issue and briefing on the sanctions motion, the hours spent by each attorney are as follows: (1) Ms. Barazi: 0.3 hours; (2) Ms. Crockett: 2.7 hours.   *See* [#137-2] at 1-2.   Multiplying the respective hourly billing rates by the hours expended results in $142.50 in fees requested for Ms. Barazi and $945.00 in fees requested for Ms. Crockett.  Adding these sums means that the lodestar is $1,087.50.

In addition, Ms. Barazi states in her Declaration that "Defendant has incurred $2,492.50 in attorneys' fees, representing 3.0 hours of Mrs. Crockett's time, 1.7 hours of staff time, and 2.5 hours of my time related to the preparation of the Motion for Attorneys' Fees," i.e., the present Motion [#137].   *See* [#137-1] ¶ 8.   However, she provides no supporting documentation for these statements, as she did with her time spent on the subpoena issue.   In the absence of supporting documentation or more specific Declaration statements, the Court cannot find that Defendant has complied with the portion of the Local Rule requiring a "detailed description of the services rendered."   In addition, even if Defendant had complied with the Local Rule, the Court notes that the underlying Order [#127] only permitted fees relating to the subpoena and preparation of the Motion for Sanctions [#75].   *Order* [#127] at 7.  No award of fees was permitted in connection with the preparation of the present Motion [#137].  Thus, any fees relating to the preparation of the present Motion [#137] are **denied**.

The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall.  *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute).  Here, the Court has considered a wide variety of factors in determining the amount of an award to Defendant, including, but not limited to, the history and timing of the various events underlying this dispute.  Based on the undersigned's many years of combined private and judicial experience and careful consideration of the Motion [#137], attached exhibits, and Plaintiffs' Response [#144], the Court finds that payment of $1,087.50 for attorneys' fees is reasonable here.

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#137] is **GRANTED in part**.  Defendant is awarded $1,087.50 in attorneys' fees as a discovery sanction.  Unless otherwise ordered by the Senior Judge, this amount is payable **no later than 21 days after** the Senior Judge rules on Plaintiffs' Objection [#138] to the undersigned's Order [#127] on Defendant's Motion for Sanctions [#75].

Dated: July 18, 2023

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge