**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-0320-WJM-KAS

NEIL PETERSON,
PENTATHERM LLC,

    Plaintiffs,

v.

JENNIFER PICKERING,

    Defendant.

---

**ORDER DENYING OBJECTION TO
MAGISTRATE JUDGE'S MAY 1, 2023, ORDER**

---

Plaintiffs Neil Peterson and Pentatherm LLC ("Plaintiffs") object (ECF No. 138) ("Objection") to the May 1, 2023, Order of former United States Magistrate Judge Kristen L. Mix imposing sanctions on their attorney Joshua Lax pursuant to 28 U.S.C. § 1927 (ECF No. 127) ("Order").  Defendant filed a response (ECF No. 150) to the Objection, but it was stricken as untimely.  (ECF No. 153.)

For the reasons set forth below, the Objection is overruled.

**I. ORDER**

Judge Mix began her Order by explaining that the Court entered a Scheduling Order (ECF No. 33) on April 19, 2022, setting the deadline to complete discovery by October 31, 2022, and requiring written discovery to be served by September 23, 2022. (ECF No. 127 at 1.)  The Court later extended the discovery deadline "to November 3, 2022, for the sole purpose of deposing Defendant."  (ECF No. 70.)  And the Court

extended it again shortly thereafter "to December 31, 2022, for the parties to take the depositions" of "Ms. Pickering and Mr. Peterson, as well as at least one other non-party represented by defense counsel [(*i.e.*, David George)]." (ECF No. 74; ECF No. 71 at 2.)

On December 20, 2022, a lawyer for Plaintiffs who is not subject to the Order e-mailed Defendant's counsel containing three attachments described as being "from Josh Lax." (ECF No. 127 at 2.) Among the attachments was "a subpoena for the production of documents addressed to Mr. George dated December 21, 2022." (*Id.*) On December 29, 2022, Defendant's counsel sent an e-mail stating that there had been an attempt to serve George with the discovery subpoena and objecting to the subpoena as untimely and improper. (*Id.* (citing ECF No. 75-2).) Despite this, "a process server taped a note to the door of Mr. George's residence regarding a 'Federal Subpoena' and directed Mr. George to call the process server within 24 hours so as not to 'affirm [his] intention to avoid delivery of process.'" (*Id.* at 2–3 (citing ECF No. 75-4).)

Though the subpoena was never served on George, Defendant filed a motion for discovery sanctions on January 5, 2023, asking the Court to impose sanctions on Plaintiffs and their counsel pursuant to either 28 U.S.C. § 1927 or the Court's inherent powers. (*Id.* at 3.) That motion is based entirely on the timing of Plaintiffs' attempts to subpoena George. (*Id.*)

Judge Mix analyzed the sanctions issue under § 1927, rather than the Court's inherent power. She rejected Plaintiffs' argument that the "lack of restrictions on discovery subpoenas for third parties would 'carry forward' . . . meaning such subpoenas remained available until the new discovery period expired . . . on December 31, 2022." (*Id.* at 4–5.) She ruled that "the Court's Minute Orders were absolutely clear

that the discovery cut-off was being extended for the limited purpose of allowing the parties to complete depositions." (*Id.* at 5.) Thus, she found that sanctions were

> appropriate pursuant to § 1927 under several of the non-exclusive categories in which the Tenth Circuit has found such sanctions appropriate: (1) when an attorney is "cavalier"; "when an attorney 'intentionally acts without a plausible basis'"; and (3) when an attorney engages in "conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court," including the duty to follow all orders of the Court.

(*Id.* (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir.1998)).) Because only Joshua Lax signed the offending subpoena, Judge Mix imposed sanctions on him alone. (*Id.* at 6–7.)

## II. LEGAL STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," see 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . .

3

disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

### III. ANALYSIS

Plaintiffs put forth three arguments that the Order must be set aside: (1) it is contrary to law because it sanctions conduct that did not multiply the proceedings; (2) it is clearly erroneous because it excuses defense counsel's failure to confer; and (3) it is clearly erroneous because it sanctions conduct that was not unreasonable and vexatious.

### A. Multiplying the Proceedings

Plaintiffs point to the lack of specific discussion of how Lax's actions multiplied the proceedings and assert the Court should set aside the Order "[o]n this ground alone." (ECF No. 138 at 6.) Alternatively, they argue the undersigned can review the Order *de novo* on this basis. (*Id.*)

Plaintiffs contend that, were it to review the Order *de novo*, the Court should find Lax did not multiply the proceedings and cannot be subject to sanctions. (*Id.*) They argue that conduct can only multiply the proceedings when it *prolongs* the litigation. (*Id.*) And because the subpoena and attempted service did not prolong this action, it did not multiply the proceedings. (*Id.*) They cite an out-of-circuit district court opinion for the proposition that "attorney misconduct that does not prolong litigation is *not* sanctionable under section 1927." (*Id.* at 6–7 (quoting *Cronshaw v. Philips Med. Sys., Inc.*, 1995 WL 22877, at *3 (emphasis in *Cronshaw*)).)

The Court sees no basis to transmute the statutory requirement that sanctionable conduct "multipl[y] the proceedings" to one that it "prolongs the litigation." *Compare* 28 U.S.C. § 1927, *with Cronshaw*, 1995 WL 22877, at *3. Surely, unnecessarily prolonging

4

litigation with frivolous motions or appeals is one way to multiply the proceedings. *See, e.g.*, *Steinert v. Winn Grp.*, 440 F.3d 1214, 1226 (10th Cir. 2006). But "multiply" and "prolong" are not synonyms. *Compare* Merriam-Webster Online, Multiply, https://www.merriam-webster.com/dictionary/multiply (last accessed on Mar. 7, 2024) ("to increase in number especially greatly or in multiples"), *with id.*, Prolong, https://www.merriam-webster.com/dictionary/prolong (last accessed on Mar. 7, 2024) ("to lengthen in time"). An attorney's conduct can surely increase the proceedings in number without necessarily lengthening the overall duration of the action. And in this case, Lax's untimely subpoena, which distressed George and required his counsel to defend him from it, in fact added to the proceedings in this action.

Therefore, the Court rejects Plaintiffs' argument that the subpoena did not multiply the proceedings.

**B.    Conferral Requirement**

Plaintiffs next argue that Judge Mix erred when she determined that the "Court need make no finding on the adequacy of conferral at this time given that it is clear the parties are in vehement disagreement about the Motion." (ECF No. 127 at 5–6.) They point out that Local Rule 7.1(a) imposes a duty on counsel to confer with opposing counsel prior to filing certain motions, including a motion for sanctions. (*Id.* at 7 (citing D.C.COLO.LCivR 7.1(a)).) And they cite cases from this district where judicial officers have refused to consider motions about which counsel have failed to confer. (*Id.* at 7–8 (citing *M.M. v. Zavaras*, 939 F. Supp. 799, 800 (D. Colo. 1996); and then citing *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003)).)

But Plaintiffs fail to reckon with the fact that Local Rule 7.1(a) imposes a duty on *the parties*, rather than a limit on *the Court's power*. The Rule reads in full as follows:

5

> **Duty to Confer.** Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

D.C.COLO.LCivR 7.1(a). The rule says *nothing* about the Court. Indeed, courts can and do on occasion excuse a moving party's failure to confer. *E.g.*, *Macy Kate Boutique, Inc. v. Fashion Angel Warrior, LLC*, 2023 WL 7924734, at *2 n.2 (D. Colo. Nov. 16, 2023). Judge Mix excused the failure to confer because, in her estimation, conferral would have accomplished nothing. The undersigned can find no fault in that assessment, having already criticized counsel's personal attacks and unprofessional conduct in this action. (ECF No. 140 at 8.) Plaintiffs' claim that "if the parties had met and conferred, they likely could have resolved their differences" *months* before the Order or the undersigned's admonishment is dubious at best. (ECF No. 138 at 8.)

Therefore, the Court rejects the argument that Judge Mix erred when she concluded that the "Court need make no finding on the adequacy of conferral at this time." (ECF No. 127 at 5–6.)

**C.     Unreasonable and Vexatious Conduct**

Plaintiffs' final argument is that Judge Mix's ruling that Lax's conduct was unreasonable and vexatious is clearly erroneous. (ECF No. 138 at 8–10.) The primary basis for this contention is that Lax's interpretation of the discovery deadlines in force when he signed the subpoena and attempted to have it served was objectively reasonable and shared by opposing counsel at the time. (*Id.*) Though this understanding was ultimately a "misinterpretation," that is insufficient to impose

6

sanctions.  (*Id.* at 8.)

Plaintiffs put excessive weight on the precise wording of Judge Mix's Minute Orders extending the discovery deadline.  They say it was reasonable to believe the subpoena was permitted because Judge Mix's November 7, 2022, Minute Order "did not include the 'sole purpose' language" from the Minute Order she issued on October 25, 2022.  That is preposterous.  The November Minute Order reads in relevant part, "The Discovery Cutoff is extended to December 31, 2022, *for the parties to take the depositions referenced in the Motion*."  (ECF No. 71 (emphasis added).)  Despite the semantic difference between the two Minute Orders, the November Minute Order itself is crystal clear that it is not a wholesale extension of the discovery deadline; rather, the extension is limited to the specific purpose of completing certain depositions.  Plaintiffs' arguments in this regard are as meritless as they are absurd, and their counsel should know they came very close to the line of warranting another round of sanctions.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Plaintiffs' Objections to Order Imposing Sanctions (ECF No. 138 are OVERRULED; and

2. Consistent with Judge Mix's Order (ECF No. 165) awarding fees, attorney Joshua Lax is to pay $1,087.50 in reasonable legal fees by no later than **April 1, 2024**.

7

Dated this 11th day of March, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge