IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0320-WJM-KAS

NEIL PETERSON,
PENTATHERM LLC,

    Plaintiffs/Counterclaim Defendants,

v.

JENNIFER PICKERING,

    Defendant/Counterclaim Plaintiff.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS COUNTERCLAIMS

Now before the Court is Plaintiff Neil Peterson's ("Peterson") Motion to Dismiss or, in the Alternative, to Strike Defendant's Counterclaims (ECF No. 161) ("Motion"). Defendant Jennifer Pickering ("Defendant") filed a response opposing the Motion, and Peterson filed a reply in support.  (ECF Nos. 163, 168.)  For the reasons set forth below, the Motion is granted in part and denied in part.

### I. BACKGROUND

This dispute is the fallout from the failed business relationship between Peterson, David George ("George"), and Defendant.  On May 15, 2023, the Court issued an Order (ECF No. 155) denying Defendant's Motion to Dismiss, or in the Alternative, Stay (ECF No. 29) this action.  Therefore, on May 30, 2023, she filed her Original Answer, Affirmative Defenses and Counterclaim[s] (ECF No. 143).  In that filing, she asserts three counterclaims: (1) a request for declaratory judgment that she is a partial owner of

the LLC and Peterson did not have authority to bring a lawsuit on its behalf; (2) fraud; and (3) fraud by nondisclosure. (*Id.* ¶¶ 124–178.)

## II. LEGAL STANDARD

### A.   Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177. In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### B.   Rule 9(b)

Pursuant to Fed. R. Civ. P. 9(b), fraud claims must satisfy the heightened pleading standard set forth in that rule. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." A counterclaim alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th

Cir.1991).

### III. ANALYSIS

Peterson argues the Court should dismiss all of Defendant's counterclaims, offering numerous reasons. (*See generally* ECF No. 161.) The Court only addresses those arguments necessary to resolve the Motion.

**A.    Fraud Claims**

Peterson argues Defendant's counterclaims sounding in fraud are inadequately pleaded. (*Id.* at 7–8.) He explains that, as interpreted by the Tenth Circuit, Rule 9(b) requires such claims to be pleaded with particularity with respect to "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000). He asserts Defendant only alleges fraud generally, without detailing what Peterson said or omitted that was false and misleading; when, where, and to whom false or misleading statements were made; or any injury proximately caused by the false and misleading statements or omissions. (ECF No. 161 at 8.)

Defendant seemingly (and very surprisingly) argues for a notice-pleading standard for claims subject to Rule 9(b). (*See* ECF No. 163 at 9–10.) The cases she cites in support are almost exclusively from district courts—often from outside the Tenth Circuit—and invariably quite old. (*Id.* at 10–11.) And while she argues the counterclaims "detail[] the contents of the false misrepresentations and omissions of facts," the allegations themselves do not match this self-serving gloss. (*Id.* at 12.)

The allegations themselves are general and conclusory and, therefore, insufficient. She specifically alleges that: (1) there were certain "agreements" and "mutual understanding[s]" between Peterson, George, and Defendant (ECF No. 143 ¶¶

3

136–38); (2) Peterson later demanded a majority share of the Pentatherm Inc. (the "Corporation") (*id.* ¶ 138); and (3) Peterson refused to officially document Defendant and George as co-owners of the LLC (*id.* ¶ 145).  Other averments, such as that "Peterson made false misrepresentations . . . regarding his true intentions with respect to the Corporation's [and the LLC's] governance and business" and "plott[ed] to abscond with the Nevada leases," are conclusory and insufficiently particular.  (*Id.* ¶¶ 144–47.)

Because the allegations constituting the counterclaims fail to "state with particularity the circumstances constituting fraud or mistake," Defendant's second and third counterclaims are dismissed without prejudice.  Fed. R. Civ. P. 9(b).

B.  **Declaratory Judgment**

The Court will not entertain Peterson's request to dismiss Defendant's counterclaim seeking declaratory judgment.  As Defendant points out, it is merely the inverse of Plaintiff's his own claim for declaratory judgment.  (*Compare* ECF No. 143 ¶¶ 154–55, *with* ECF No. 1 ¶¶ 60–61.)

Nor is this claim an attempt by Defendant to split her claims between two actions. Counterclaims two and three are identical to claims in Case No. 23-cv-0941, currently pending before United States District Judge Gordon P. Gallagher, but the Court has already dismissed those claims on other grounds.  *See supra*, Part III.A.  The counterclaim seeking declaratory judgment relates specifically to Defendant's and Peterson's rights with respect to *the LLC,* and it has nothing to do with whether Peterson breached his fiduciary duties to a separate legal entity.  (ECF No. 143 ¶¶ 154–55.)  Though Defendant would surely benefit from any recovery by the Corporation— just as the shareholders of a public company would benefit from it obtaining a large

4

judgment—their interests are distinct.[1]

Finally, the Court is unmoved by Peterson's argument that the counterclaim for declaratory judgment is untimely and prejudicial to him. (ECF No. 161 at 13–14.) Peterson himself put the ownership of the LLC and his power to authorize its role in this action at issue, (ECF No. 1 ¶¶ 60–61), and has known that Defendant challenges his ownership since at least March 10, 2022, when she filed her Motion to Show Authority (ECF No. 101). (*See* ECF No. 140 at 7 (denying Motion to Show Authority as untimely in Order restricted under the Court's rules for other purposes).)

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Plaintiff Neil Peterson's Motion to Dismiss or, in the Alternative, to Strike Defendant's Counterclaims (ECF No. 161) is GRANTED IN PART and DENIED IN PART as set forth above;

---

[1] While the Court rejects Peterson's argument with this common-sense approach, it notes that he does not even cite the correct body of law, and the Court refuses to make his arguments for him.

To support his argument that Defendant is engaging in improper claim splitting, Peterson should have cited Colorado, not federal, claim-preclusion law. He correctly notes that "the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." (ECF No. 161 at 9 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n.1 (10th Cir. 2002)).) Yet he—or, rather his counsel—apparently did not read *Hartsel Springs* very closely, which explains: "[T]he best federal rule for the claim-preclusive effect of a federal diversity judgment is to adopt the law that would be applied by state courts in the State in which the federal diversity court sits." 296 F.3d at 986 (quoting *Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1208 (10th Cir. 2001) (internal quotation marks omitted)). Because the action pending before Judge Gallagher invokes *only* diversity jurisdiction, the Court would apply Colorado's claim-preclusion law when performing the claim-splitting analysis, *just as the Tenth Circuit did in Hartsel Springs*. *Id.* at 986–88.

5

2. Defendant's second and third counterclaims are DISMISSED WITHOUT PREJUDICE; and

3. This action remains set for a 3-day jury trial to begin on **June 10, 2024, at 8:30 a.m.** on all remaining claims.

Dated this 14th day of March, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge